THE STATE OF MISSOURI v. COX, APPELLANT.

1. **Practice, Criminal**: WANT OF PROSECUTION: DISCHARGE OF PRIS-
ONER: CHANGE OF VENUE. Where a criminal case is taken by change
of venue from one county to another on the application of the
accused, he is not entitled to a discharge as for want of prosecution,
if tried at the second term of the court in the latter county after the
filing of the papers in that court.

2. ———. The Supreme Court will not reverse a judgment because the
prisoner was not tried within the period fixed by the statute,
(Wag. Stat. 1105, §§ 27, 28, 29,) unless it appears by the record that
he applied to the lower court for a discharge on that ground.

3. **Change of Venue**: DELAY IN TRANSMISSION OF PAPERS: PRACTICE,
CRIMINAL. Failure of the clerk of the circuit court to transmit with-
out delay to the proper court a copy of the record and proceedings
in a criminal case removed by change of venue on the application
of the defendant, does not constitute negligence on the part of the
prosecution.

4. **Evidence**: CONFESSION: MURDER: BIGAMY. On a trial for murder,
evidence of a confession by the prisoner of an intention to commit
bigamy is incompetent.

5. **Murder**: ACCOMPLICE. The mere mental approval by a bystander
of a murder committed in his presence, does not make him an
accomplice in the murder.

*Appeal from Barry Circuit Court.*—W. F. GEIGER, Judge.

*Lay & Belch*, for appellant, cited *McKee. The State*,
12 *Mo.* 492; *Wheeler v. The State*, 14 *Ind.* 573; *Kelly's
Crim. Prac.* § 49; 1 *Greenl. Ev.* § 218, note.

*J. L. Smith*, Att'y Gen'l, for the State. Where a wit-
ness to a murder acts in such a manner as to unmistakably
evince a design to encourage, incite, *approve of*, or in some
manner afford aid or comfort or consent to the act, he is
as guilty as the principal.

NAPTON, J. At the October term, 1875, of the circuit
court of Christian county, the appellant Cox, with others,

1. PRACTICE, CRIMINAL: was indicted for the murder of one Davis,
want of prosecution:
discharge of prisoner: on the 11th of December, 1873. The
change of venue.
record shows that Cox applied for a change of venue at
this term, and upon this application the case was sent to

Barry county, where the papers were filed on the 20th of May, 1876. The Barry circuit court is held, as the statute shows, on the second Mondays in April and October. At the October term of the circuit court in Barry county, the case was continued at the instance of the circuit attorney. The record states that this continuance was allowed for good cause, but does not show that the defendant was in court or apprised of the application by any notice to him or his attorney. At the April term, 1877, the case was tried, the defendant was convicted and sentenced to be hanged. The record proper in this case, which is nearly illegible, gives no information whatever as to the time when Cox was arrested. It appears that he was present at the October term, 1875, of the Christian county circuit court, since he then applied in person for a change of venue. Whether he was in confinement or on bail does not appear. The evidence of one Mitchell, as preserved in the bill of exceptions giving the history of the trial, tends to the conclusion that Cox was captured in Texas before this term of the court in Christian county. It would seem from the testimony of another witness, who was a grand juror at the Spring term, 1874, of the Christian county circuit court, that Cox was indicted at that term. What became of that indictment does not appear. The testimony sent up to us, by the bill of exceptions in this case in regard to the killing of Davis, is substantially, indeed we may say is precisely the same as was in the case of Orr, (64 *Mo*. 339.) The present appellant, Cox, was in company with Orr when the murder of Davis was committed.

We are unable to perceive the force of the objection to the conviction in this case, based on the 27th, 28th and 29th sections of the sixth article of the act concerning criminal practice. The 27th section provides, that if any person indicted for any offense, and committed to prison, shall not have been brought to trial before the end of the second term of the court having jurisdiction of the offense, which shall be held after such indictment found,

The State of Missouri v. Cox.

he shall be entitled to be discharged, so far as relates to the offense for which he was committed, unless the delay shall happen on the application of the prisoner, or be occasioned by the want of time to try the cause at such second term. The 28th section provides that where the defendant is on bail, and shall not be tried before the end of the third term of the court in which the cause is pending, he shall be entitled to be discharged, unless the delay is occasioned in the same way as specified in the preceding section. The 29th section declares that when an application is made, under either of the two last sections, if the court shall be satisfied that there is material evidence on the part of the State, which cannot then be had, that reasonable exertions have been made to procure the same, and that there is just ground to believe that such evidence can be had at the succeeding term, the cause may be continued to the next term, and the prisoner be remanded or admitted to bail, as the case may require. If the defendant shall not be tried before the end of the term last mentioned, the State shall not be entitled to any further continuance of the case, and the prisoner shall, if he require it, be discharged. It will be observed that the prisoner was tried at the second term, in Barry county, after the removal of the case from Christian county to

3. CHANGE OF VENUE: delay in transmission of papers: practice, criminal.

Barry county. This removal was made on the application and at the instance of the prisoner. If any delay or neglect, on the part of the clerk of the circuit court of Christian county, occurred in transmitting the papers and records to Barry county, such neglect on the part of the clerk can hardly be attributed to any want of diligence on the part of the prosecution. The order for the change of venue, and the delay occasioned thereby, resulted from the solicitations of the defendant and were for his benefit. The first term, then, within the meaning of these provisions of the statute, was by defendant's own choice the October term, 1876, of the circuit court of Barry county, and the second term was in

April, 1877, and he was tried at that term. Moreover, the record does not show any application in the circuit court on the part of the prisoner for his discharge, and all three of the sections evidently contemplate that the discharge must be made on the application of the prisoner, and even then the court is authorized to refuse the application for the reasons specified in the last section.

It is deemed unnecessary to decide the point, discussed at considerable length by the counsel for the appellant, in regard to the continuance of the case, at the October term, 1876, made at the instance of the State and in the absence of the prisoner, so far as the record shows, and without any notice to him or his counsel. The judgment must be reversed on other grounds, and the question as to the effect of such a continuance has not, for this reason, been sufficiently considered to justify its determination, and cases may arise in which its determination may be important, and we therefore leave the point for subsequent adjudication.

The witness Mitchell, in detailing his conversation with Cox, on his arrest in Texas, stated among other things that 4. EVIDENCE: confession: Cox told him he was about to get married, produced a license for that purpose, and requested the witness to say nothing about his having a wife in Arkansas. No objection was made to this testimony at the time, so far as the record shows, but an instruction was asked by the defendant, at the close of the case, as follows: "The court directs you to exclude from your consideration all testimony of the witness C. W. Mitchell about or concerning the defendant's talk about marrying in the State of Texas, and that such testimony should not influence your minds at all in considering your verdict." This instruction should have been given.

But the fatal objection to the verdict and judgment in this case, is the second instruction given by the court to 5. MURDER: accomplice. the jury, which was as follows: "That it is not necessary for the State to prove that the defendant, Albert

Cox, by his own hand shot and killed George W. Davis, for if he was present, aiding or abetting, or counselling, of advising, or inciting, or encouraging, or *approving* of some other persons in shooting and killing George W. Davis, as defined in the first instruction given here for the State, he is guilty of murder in the first degree." If an explanation of the term aiding and abetting, as used in our statute, or in the common law definition of an accomplice, should be deemed necessary, it is proper that the explanatory terms used should convey a correct idea of the meaning of the offense. The court probably did not mean to hold that the mere mental approval by a bystander of a murder committed in his presence, would make such bystander a principal in the murder, yet the use of the disjunctive *or*, between the various terms employed to describe the crime of an accomplice, necessarily leads to this interpretation of the instruction. The words *or approving of*, have no place in legal phraseology to explain the meaning of the words to *aid* and *abet*. The fact itself is incapable of proof. Mental operations, not accompanied with any action or language, are beyond the reach of testimony. There was no necessity for the introduction of these words in the instruction, and they may not have misled the jury, but when a party is on trial for his life, he is entitled to a correct exposition of the law touching his case. The case of *Connaughty v. The State*, 1 *Wisconsin* 169, cited by the Attorney General, is in accordance with these views. In the case of *State v. Orr, supra*, an instruction identical with the one under consideration was given, but in that case the evidence was conclusive that Orr himself shot the deceased, and although the instruction should not have been given, it could not have prejudiced defendant. All of the evidence pointed to Orr as the man who did the shooting. And no one could have heard the evidence and convicted Orr for merely aiding, abetting or approving the murder; but in the case at bar, defendant was indicted for aiding, abetting and encouraging the murder, and the bare possibility that this erroneous

instruction led to his conviction, demands a reversal of the judgment. The judgment must be reversed and the cause remanded. Judges SHERWOOD and HENRY concur; Judges NORTON and HOUGH absent.

REVERSED.