STATE OF IOWA v. CHARLES L. KING, Appellant.

**Conspiracy to Assault:** SUFFICIENCY OF EVIDENCE. Accused told D¹ that if he would lick W. his fine would be paid, to which D. replied that he did not want anybody to pay his fine, but that he would punch and whip W., whereupon accused advised D. not to do so, but to slap him. D. afterwards stated to others that he would whip W., and that accused and another would pay his fine; and later he did severely beat W., rendering him unconscious for several days. As D. withdrew from the assault, accused approached and indicated his satisfaction with what had been done, but did not strike W. or assist D. *Held*, that accused was not guilty of conspiring with D. to commit the assault.

*Appeal from Buchanan District Court.*—HON. A. S. BLAIR, Judge.

WEDNESDAY, APRIL 6, 1898.

THE defendant was accused and convicted of the crime of conspiracy. From judgment of imprisonment in the penitentiary, he appeals.—*Reversed.*

No arguments for either party.

LADD, J.—The indictment charged the defendant and one De Wald with the crime of conspiring and confederating together with malicious intent wrongfully to injure the person of J. H. Willey, and that they did, in pursuance thereof, inflict on him great bodily injury. It appears that just after noon of September 22, 1896, De Wald met Willey near Littell's store, in Independence, knocked him down, and so beat him that he was unconscious for several days. King did not touch Willey, but the theory of the state at the trial was that the assault and battery was the result of a criminal conspiracy between him and De Wald. The evidence shows that Raymond, DeWald, King, and others were in Reisner's saloon. Raymond asked King about the scar on his nose, and the latter responded that Willey had struck him with his cane. De Wald then remarked he had a grievance against Willey, and intended to whip him at the first opportunity; that Willey had published an article in his paper to the effect that, if his (De Wald's) circulation was cut short, it would be a good thing for the community. Something was then said about the payment of the fine, and King stated that, if he licked Willey, his fine would be paid, and related that Farwell, a partner of Willey, had said he would pay it, if some one would whip him. This state of facts is testified to by Raymond, De Wald, and King, but Mullick says King told De Wald that he would pay his fine. This witness, however, is unable to recall anything else in the conversation. De Wald and King are uncontradicted in the statement that the former answered that he did not want anybody to pay his fine. De Wald repeated that he would punch Willey in the face, and whip him in good shape. Both Raymond and King advised him not to punch or kick

Willey, but that he might as well slap his mouth, or something of that kind. De Wald, after leaving the saloon, said to several that he was going to whip Willey, and that Raymond and King were to pay the fine. King left the saloon, and was on his way to order a team at the livery stable, with which to take a political orator to Winthrop, when he saw people gathering as he approached. One Tapper called to De Wald not to strike a man when he was down, and King replied to this remark, "No interfering," and spoke of Willey's assault on him, and mentioned the fact that he was a cripple. We have set out this evidence with particularity, because of the ruling on the motion to direct a verdict for defendant at the conclusion of the state's evidence, and also after both parties had rested. The evidence does not establish the conclusion that the defendant was guilty of the offense charged. The usual definition of "conspiracy" is "a combination of two or more persons by concerted action to accomplish a criminal or unlawful purpose, or some purpose not in itself criminal by criminal or unlawful means.". 2 McClain, Criminal Law, 953; 2 Bishop, Criminal Law, 592; *State v. Jones*, 13 Iowa, 269; *State v. Potter*, 28 Iowa, 554; *State v. Stevens*, 30 Iowa, 391; Code, section 5059. There is no proof of any concert of action, or of any understanding or agreement therefor. The mere knowledge, acquiesence, or approval of an act, without co-operation or agreement to co-operate, is not enough to constitute the crime of conspiracy. 2 McClain, Criminal Law, 968; *Evans v. People*, 90 Ill. 384; *Miles v. State*, 58 Ala. 390; 2 Bishop, Criminal Law, 181, 183; *State v. Cox*, 65 Mo. 29; 2 Wharton, Criminal Law, 1341. The combination must contemplate the accomplishment of the purpose by the united energy of the accused, or active participation must be shown. The testimony, at most, shows King not superior to the ordinary instincts of human nature. He was smarting under an

assault from Willey, and was willing the latter should
be humiliated by a stroke on the mouth from the palm
of the hand; but he entered into no arrangement that
this should be done, and suggested it only, instead of
the beating De Wald was insisting he would inflict.
His suggestion was not acted upon. King neither
agreed to do nor did anything to aid in carrying out
the unlawful purpose of De Wald. The payment of the
fine, if promised, as stated, by Mullick, constituted no
part of the offense. The statement was made to Tapper
just as De Wald withdrew from beating Willey, and
indicated his satisfaction with what was done, rather
than any intention of affording aid or comfort. It was
not made until the encounter was ended. The court, in
the twelfth instruction, correctly stated the law, in
language which ought not to have been misunderstood.
After cautioning the jurors not to confuse the crime
charged with that of assault and battery, or one of a
similar nature, they are told not to convict the defend-
ant unless "he agreed to participate in the commission
of such offense in concert and combination with the
said Bert De Wald, or that he aided in it by advising
and counseling the act, and promising De Wald
immunity from punishment therefor, and in any manner
aided in its commission at the time and place where it
was committed. A mere passive cognizance or consent
to an illegal act or commission of an unlawful offense is
not sufficient to sustain the charge of conspiracy."
Under the evidence and the law as given in this instruc-
tion the defendant was entitled to an acquittal.—
REVERSED.