STATE   OF   MISSOURI,   Respondent,   v.   SAM
FARRAR, Appellant.

Springfield Court of Appeals, February 14, 1921.

1. **CRIMINAL LAW: Terms Included in Number of Terms within which Defendant was Entitled to be Tried Stated.** Where defendant was granted a change of venue, and the cause was transferred to another circuit instead of selecting a special judge, or calling in a judge of another circuit, under Revised Statutes 1909, section 5201, and where on defendant's motion the cause was stricken, and the papers transferred back, on the ground that no recognizance to appear in such court had been executed, the term at which the change of venue was granted and the term at which the cause was retransferred will be excluded from number of terms after the indictment was found at which defendant was entitled to be tried under sections 5246-5249.

2. ————: **Delay Incident to Change of Venue by Defendant not Charged to State.** Any delay incident to the taking of the change of venue by defendant cannot be charged to State..

3. ————: **Continuing of Case to Adjourned Term not a ''Continuance'' Within the Statute.** The continuing of the case at the regular term to an adjourned term is not a "continuance" within Revised Statutes 1909, sections 5246-5249, prescribing the number of terms during which a defendant is entitled to be tried when there has been a "continuance."

4. ————: **Defendant Entitled to Discharge for Delay Must Apply for Discharge at the Time.** The defendant, if entitled to be discharged because of the State's failure to bring him to trial within the required number of terms under Revised Statutes 1909, sections 5246, 5249, must apply for his discharge at the time he is entitled thereto.

5. ————: **Failure to Discharge Defendant for Failure to Prosecute Must be Preserved by Bill of Exceptions.** Court's failure to discharge defendant for State's failure to bring him to trial within the required number of terms under Revised Statutes 1909, sections 5246-5249, is a matter of exception, and, to be reviewable by the Court of Appeals, must be properly preserved by bill of exceptions.

6. ———: **Bill of Exceptions cannot Cover Matters of Exception Occurring at Previous Term.** A bill of exceptions, filed pursuant to an order made at one term, cannot relate back and cover matters done and excepted to at a previous term, unless such matters are preserved by a term bill of exceptions.

7. ———: **Change of Venue not Required Where Objection is Directed to Judge.** Where defendant's application for change of venue was leveled at the presiding judge, a change of venue was not required, under Revised Statutes 1909, sections 5198-5201; the selection of a special judge or the calling in of a judge of another circuit being sufficient.

8. ———: **Venue not Changed in Absence of Recognizance to Appear in County to Which Case is Transferred.** Where defendant on change of venue to a county in another district did not execute a recognizance to appear in the other county, as required by Revised Statutes 1909, section 5187, when defendant is out on bail, the venue remained in the county in which the prosecution was commenced, and the cause was properly stricken from the docket of the county to which it had been transferred.

Appeal from the Circuit Court of Laclede County.—
*Hon. E. P. Dorris,* Special Judge.

AFFIRMED.

*A. W. Curry, D. O. Vernon* and *Frank H. Farris* for appellant.

(1) On the making of the order by Judge Woodside granting a change of venue from the Laclede County Circuit Court of Camden County Circuit Court, the Laclede County Circuit Court lost all jurisdiction of the cause, and could not, therefore, again assume jurisdiction. Hanna v. Buford, 194 S. W. 517; State ex rel. v. Cook, 201 S. W. 364. (2) The person indicted for any offense and held to answer on bail, and not brought to trial before the end of the third term of the court in which the cause is pending, after such indictment found, shall be entitled to be discharged unless the delay happened upon his application or was occasioned by want of time to try the cause at such third term. Section

5237, R. S. 1909. In all cities or counties in which there shall be held more than two regular terms of the court having criminal jurisdiction, the defendant shall not be entitled to be discharged under the circumstances mentioned in section 5237 until the end of the fourth term after the indictment was found. Section 5249, R. S. 1909. (3) The initial court, as well as the trial court, the special judge, erred in the overruling of appellant's plea in abatement. He was summoned before the grand jury, required to bring his prescriptions and deliver them to the grand jury for their inspection at the time when the grand jury was investigating his conduct, and for the purpose of furnishing evidence upon which to indict him. He appeared under the force of a subpoena and delivered himself and his prescriptions as a witness before the grand jury in obedience to such subpoena. He was, therefore, forced by the order of law to give testimony against himself, and without which testimony no indictment could or would have been found. His plea in abatement, therefore, should have been sustained. State v. Noughton, 221 Mo. 421; State v. Thomas, 250 Mo. 211; State v. Blackburn, 201 S. W. 99, and cases therein cited.

*Phil. M. Donnelly* for respondent.

(1) On the making of the order by Judge Woodside granting a change of venue from the Laclede County Circuit Court to the Camden County Circuit Court, the Laclede County Circuit Court did not lose jurisdiction of the cause and jurisdiction did not vest in the Camden County Circuit Court until the requirements of the statutes had been complied with and also until compliance with all other statutory requirements. 12 Cyc. 253; 16 Corpus Juris, page 218; State v. Stone, 106 Mo. 1. (2) In regard to the Plea in Bar filed by the defendant, the respondent contends that the defendant would not be entitled to be discharged on account of the continuances taken by the State in this case. The indict-

ment was preferred at the May, 1916, term of the circuit court and this term would not be included in counting the number of terms of court at which the case was continued. State v. Riddle, 179 Mo. 287.

FARRINGTON, J.—This is an appeal from a judgment of conviction rendered in the circuit court of Laclede county at the October Term thereof, 1919. No point is made concerning the sufficiency of the indictment, the admissibility of testimony offered by the State, none being offered by defendant, the instructions given and the form of the judgment entered, and an examination of same makes it apparent that they conform to the practice in such cases.

There are three questions raised on this appeal striking at the validity of the judgment. First, that the circuit court of Laclede county lost jurisdiction of the case on account of an attempted change of venue to Camden County. Second, that the defendant was a registered druggist and was required by a subpoena issued by the grand jury which indicted him, to bring before it, while investigating his conduct, his prescriptions covering the sale of intoxicating liquors. Third, that under sections 5247, 5248 and 5249, Revised Statutes of 1909 defendant was entitled to a discharge, it being claimed that the record shows that he was not brought to trial within the time provided by such sections, and that the delay did not happen on his application nor was it occasioned by want of time to try the cause.

Considering these matters in inverse order, we must hold that defendant's contention that he was entitled to a discharge for failure of the State to bring him to trial in proper time must be overruled. The indictment was found at the May Term, 1916, of the Laclede Circuit Court and by the terms of the statute the term of court at which the indictment is found is not to be counted. [Secs. 5246, 5247, R. S. 1909; Robertson v. State, 12 Mo. 595; State v. Haines, 160 Mo. 555,

(31 S. W., 621.]    The record further shows that the case
was continued by the State at the October Term, 1916,
at the February Term, 1917, and at the May Term, 1917.
But as there are three terms of court each year in Laclede
County and defendant was admitted to bail, then by
the terms of sections 5247 and 5249, Revised Statutes
1909, the defendant was not entitled to be discharged
because of the default of the State in bringing him to
trial "until the end of the fourth term after the indict-
ment was found." This fourth term would be the
October Term, 1917.    At that term, however, the de-
fendant asked and was granted a change of venue from
the Judge and instead of selecting a special Judge or
calling in a Judge of another Circuit, as provided by
statute, section 5201 Revised Statutes 1909, the State
and defendant stipulated that the cause be transferred
to Camden County, in another Circuit.    This action of
defendant prevented any trial at the October Term, 1917,
and the State cannot be held in default at that term.
State v. Cox, 65 Mo. 29.]    The papers in the cause
were transmitted to Camden County and the case
docketed for trial at the February Term, 1918, of that
court.    The defendant then appeared in that court and
filed a motion to strike the cause from the docket and
transfer the papers back to Laclede County on the ground
that he had given no recognizance to appear in that
court and such court was without jurisdiction.    The
court sustained the motion and the case went back to
Laclede County for trial at the May Term, 1918.
Certainly the State was not in default in bringing the
case to trial in Camden County at the February Term,
1918, since defendant successfully resisted the right of
that court to put him on trial though sent there at his
instance.    When the case was returned to Laclede
County, the Judge of that court called in the judge of
another Circuit to try the case, as should have been done
in the first instance.  [See Sec. 5201, R. S. 1909.]  The
court then set the case for trial at an adjourned May

Term, 1918, at which the case was tried, resulting in a mistrial.

The defendant filed his motion to be discharged at this May adjourned term, 1918, and it is the overruling of this motion of which defendant now complains. This motion, however, was properly overruled at that time, since while it was filed at the fourth term after the indictment was found, excluding the term at which defendant took the change of venue and the term at which the case was pending in Camden County, yet the State was ready for trial and did bring the defendant to trial at that term. Any delay incident to the taking of the change of venue by defendant cannot be changed to the plaintiff. [State v. Cox, 65 Mo. 29.] The continuing of the case at the regular May Term, 1918, to an adjourned term is not a continuance within the meaning of Sections 5246, 5247, 5248 and 5249, R. S. 1909. [State v. Riddle, 179 Mo. 287, 292, 78 S. W., 606.]

It is true that after the mistrial at the May Term, 1918, the case was continued from term to term till the October term, 1919, at which defendant was tried and convicted, from which he now appeals. Defendant did not, however, again ask for his discharge and one continuance was granted on his application. Even if entitled to a discharge because of the failure of the court to bring a defendant to trial under the statutory provisions mentioned, such defendant must apply for his discharge at a time when he is entitled to same. [State v. Cox, 65 Mo. 29, 32.] Other elements than the mere lapse of time enter into a defendant's right to a discharge, and it devolves on him to show such right. [Section 5348, R. S. 1909.] It is apparent, therefore, that defendant was not entitled to his discharge at the time he applied for same and the court cannot be held in error for refusing it.

It is apparent, also, that the question of the failure of the trial court to discharge a person when entitled thereto under the statutory provisions above mentioned is a matter of exception and to be reviewable by this court must be properly preserved by bill exceptions. This

has not been done. No bill of exceptions was filed till after defendant's trial and conviction at the October Term, 1919. The error complained of is the overruling by the court of defendant's motion to be discharged, which was filed and overruled at the May Term, 1918. No term bill of exception was then filed. The defendant has attempted to have the bill of exceptions which was filed at the October Term, 1919, or rather in pursuance of an order made at that time, relate back and cover matters done and excepted to a previous term of court. This cannot be done unless such matters are preserved by a term bill of exceptions. [State v. Larow, 191 Mo. 192, 196, 89 S. W. 1031; State v. Williams, 147 Mo. 14, 18, 47 S. W. 891; Blanchard v. Dorman, 236 Mo. 416, 436, 139 S. W. 395; Bohn v. Lucks, 165 Mo. App. 701, 706, 147 S. W. 1112; Brannock v. Jaynes, 197 Mo. App. 150, 193 S. W. 51.]

What we have just said also disposes of the alleged error in overruling defendant's motion to abate the indictment on the ground that by causing him to produce before the grand jury the prescriptions compounded by him as a druggist calling for intoxicating liquors, he was compelled to give evidence against himself. The motion to abate on this ground was filed and heard at the May Term, 1918, and no term bill of exceptions was filed. Under the cases cited the bill of exceptions filed at a later term does not preserve for review matters of exception occurring at such previous term. We are not to be understood, however, as intimating that when the defendant complied with section 5777, Revised Statutes of 1909, in producing before a grand jury the prescriptions compounded by him he becomes immune from prosecution on an indictment found by such grand jury. [State v. Davis, 108 Mo. 666, 18 S. W. 894.]

Nor do we think the circuit court of Laclede county was deprived of jurisdiction of this case by reason of the attempted change of venue to Camden County. The defendant's application for change of venue was leveled at the Judge of such court only and no change of venue

to another county or circuit was required. [Sections 5198, 5199, 5200, R. S. of 1909.] The order granting the change of venue to Camden County was made on defendant's stipulation. When an order for a change of of venue is granted in a criminal case to a county in another circuit, as was done here, it is provided by section 5187, Revised Statutes of 1909, that if defendant is out on bail such order shall be void unless a recognizance to appear in another county be entered into. Defendant did not give any such recognizance, and on his motion the cause was stricken from the docket of the Camden County Circuit Court, and the papers returned to the Laclede Circuit Court. This we think was proper, as the venue of the case remained in Laclede County. [State v. Warner, 65 Mo. App. 149.] In any event, the defendant objected to the jurisdiction of the Camden County Circuit Court and caused the case to be transferred back to Laclede County. The Judge of that court, who had been disqualified to try the case, properly proceeded to do what should have been done in the first instance, that is to call in the Judge of another circuit to try said case as provived by section 5201, Revised Statutes of 1909. We may further say, also, that the action of the court in overruling the motion of defendant to have the case again transferred to Camden County and filed at the May Term, 1918, and then overruled was not preserved by a term bil of exceptions and is not properly before this court. The judgment, must, therefore, be affirmed. *Bradley, J.,* concurs. *Cox, P. J.,* not sitting.