464 P.2d 330

The STATE of Arizona, Appellee,

v.

Donald BOWMAN, Appellant.

No. 2045.

Supreme Court of Arizona.

In Banc.

Jan. 21, 1970.

Rehearing Denied Feb. 17, 1970.

Gary K. Nelson, Atty. Gen., Carl Waag, Asst. Atty. Gen., Rose Silver, Pima County Atty., William J. Schafer, III, former Pima County Atty., Jacqueline Schneider, Deputy Pima County Atty., for appellee.

Ronald W. Sommer, Tucson, for appellant.

McFARLAND, Justice:

Donald Bowman, hereinafter referred to as defendant, was tried and convicted of the crime of unlawful sale of marijuana. From the judgment of conviction he appeals. In his brief he states that he does not appeal from the jury verdict, but contends that he was "denied due process and a speedy trial," and for this reason the judgment of the Superior Court "should be reversed with directions to dismiss the action."

This case was last before us in Bowman v. State, 103 Ariz. 482, 445 P.2d 841. The defendant had, on June 5, 1968, filed in this Court a petition for writ of habeas corpus which was granted on June 11, 1968, without prejudice to the county attorney to refile. We set forth in our opinion the history of the case up to the date of the granting of the writ.

It is now the contention of defendant in his brief that the order of the Superior Court of Pima County "with leave to refile" did not properly reinstate the action for the reason that the order does not contain "a recitation of good cause or facts in support" thereof. The defendant further states:

"If the order meant what it literally said: that the State had leave to refile, then it is respectfully submitted that before making the order this Court should have conducted a fact-finding hearing and given the accused an opportunity to present evidence."

Defendant contends that under Rule 238,[1] Rules of Crim.Proc., 17 A.R.S., the

---

1. Rule 238. Effect of dismissal upon subsequent prosecution

"An order for the dismissal of the prosecution, as provided in Rule 236, is a bar to any other prosecution for the same offense if it is a misdemeanor, but it is not a bar if the offense is a felony, provided no such prosecution shall be in-

State is required to show good cause before the court may order new proceedings to be filed. He bases this upon the fact that Rule 236,[2] Rules of Crim.Proc., 17 A. R.S., provides that a case must be dismissed if the information is not filed within thirty days after a defendant is held to answer for an offense, or if he is not brought to trial for the offense within sixty days after the indictment, or information, has been filed, unless good cause to the contrary is shown by affidavit, or unless the action has not proceeded to trial because of the defendant's consent or by his action. With this contention we cannot agree.

This section clearly shows that the exception to the requirement of the dismissal —"When good cause is shown, the action may be continued, * * *"—and has no connection with what happens after it is dismissed.

█ Rule 236 is for the purpose of protecting a defendant from unnecessary and unreasonable delays in the trial, and not for the purpose of allowing the guilty to escape on technicalities. State v. Churchill, 82 Ariz. 375, 313 P.2d 753.

█ Rule 238 prevents a defendant from escaping upon technicalities, and permits the court to make an order for prosecution when a case is dismissed under Rule 236. The making of the order is discretionary with the court. The rule does not require that good cause be shown in making the order. State v. Downey, 104 Ariz. 375, 453 P.2d 521; McConnell v. Newman, 87 Ariz. 381, 351 P.2d 657.

The second question raised by the defendant is that he was denied a speedy trial and urges that he had not waived his right thereto, and is entitled to a dismissal on this ground. In Bowman v. State, supra, we passed upon the question regarding a speedy trial under the facts of the case up to June 11, 1968, the date of the granting of the writ. In our opinion, we said:

"Petitioner next contends that if the first information was valid then more than sixty days had passed since its filing without petitioner being brought to trial and the prosecution should be dismissed pursuant to Rule 236. The argument is without merit since the delay was caused by the petitioner himself. In Power v. State, 43 Ariz. 329, 30 P.2d 1059 (1934), we held:

" 'Where the reason for failure to try a defendant within the time prescribed by statute is caused by the action of the defendant himself, the statute does not apply. People v. Maniatis, 297 Ill. 72, 130 N.E. 323. And, when the delay is caused by the defendant's own motion * * * he is responsible therefor. State v. Cox, 65 Mo. 29; State v. Farrar, 206 Mo.App. 339, 227 S.W. 1078.' "

"The foregoing affirms our original action of June 1, 1968 granting the writ."

The new complaint was filed on June 12, 1968. The preliminary hearing was held June 25, 1968. An order was made holding defendant to answer on the same date. Information was filed on the 28th day of

---

stituted without the order of the court in which the action was pending."

2. Rule 236. Dismissal of prosecution upon failure to file information or bring to trial within time limitation; exceptions

"When a person has been held to answer for an offense, if an information is not filed against him for the offense within thirty days thereafter, or when a person has been indicted or informed against for an offense, if he is not brought to trial for the offense within sixty days after the indictment has been found or the information filed, the prosecution shall be dismissed upon the application of such person, or of the county attorney, or on the motion of the court itself, unless good cause to the contrary is shown by affidavit, or unless the action has not proceeded to trial because of the defendant's consent or by his action. When good cause is shown, the action may be continued, in which event the defendant if bailable shall be released on bail either on his own recognizance or on the undertaking of sureties."

June, and the trial was held on August 22, 1968, within sixty days of the filing of the information.

 Where delay in the trial of a defendant is caused by defendant himself, and where the delay is caused by the defendant's own motion, he is responsible therefor, Bowman v. State, supra. See also Westover v. State, 66 Ariz. 145, 185 P.2d 315; Power v. State, 43 Ariz. 329, 30 P.2d 1059. While the case was not tried for seven months after the first complaint was filed, the delays were caused by the defendant's own motions. Under these facts we hold the defendant was not denied a speedy trial.

Judgment affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and HAYS, JJ., concur.