**The STATE of Utah, Plaintiff and Respondent,**

v.

**Ernest VELASQUEZ, Defendant and Appellant.**

**No. 17464.**

Supreme Court of Utah.

Jan. 8, 1982.

Lynn R. Brown, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Robert N. Parrish, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HALL, Chief Justice:

Defendant was arrested on December 17, 1979, and charged with aggravated burglary and aggravated robbery. On July 16, 1980, having been committed to the Utah State Prison for an unrelated offense, he filed a request for disposition of all charges

pending against him, pursuant to U.C.A., 1953, 77–65–1(a) (since repealed). On November 12, 1980, defendant was tried and convicted. He appeals on the ground that the trial court was without jurisdiction by reason of the fact that his trial was not conducted within 90 days of his request for disposition of all charges pending against him.

U.C.A., 1953, 77–65–1(a) provided in part:

Whenever . . . there is pending in this state any untried indictment, information or complaint against the prisoner, *he shall be brought to trial within 90 days after* he shall have caused to be delivered to the county attorney . . . and the appropriate court *written notice of the place of his imprisonment and his request for a final disposition* to be made of the indictment, information or complaint: provided, that for a good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. [Emphasis added.]

U.C.A., 1953, 77–65–2 provided:

In the event that the action is not brought to trial within the period of time as herein provided, no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

At the time defendant filed his request for disposition, the above statutes had been repealed by the present U.C.A., 1953, 77–29–1, which took effect on July 1, 1980. The current statute substitutes a 120-day period for the former 90-day period during which a prisoner was required to be tried. Defendant's trial, which took place 119 days after his request for disposition, did meet the time limitation of this current statute. However, because the earlier statute was in force at the time of his arrest, defendant claims that "justice and fairness" and the *ex post facto* rule require that he be given the benefit of the former 90-day limitation.

■ Even assuming that defendant had a right to be tried under the former 90-day statute, however, the state did not violate this right by trying him on November 12. Defendant's trial date was originally scheduled for August 12, less than one month after his request for disposition. Upon defendant's own motion, the court granted a continuance until September 23. Thus, defendant himself was responsible for delaying the trial for at least 42 days. The record does not adequately reflect why the trial date was again postponed to November 12. If good cause was shown for this continuance, the trial court had express authority to allow it under 77–65–1. (See statutory language quoted above.) Even if this second continuance was for some reason improper, it still would not have resulted in postponement of defendant's trial beyond the 90-day period if defendant himself had not requested the previous continuance.

■ The 42-day postponement caused by defendant cannot reasonably be included within the 90-day period prescribed by 77–65–1. The obvious purpose of this statute is to protect the constitutional right of prisoners to a speedy trial and "to prevent those charged with enforcement of criminal statutes from holding over the head of a prisoner undisposed of charges against him."[1] When the prisoner himself acts to delay trial on such charges, he indicates his willingness to temporarily waive this protection; the purpose behind the statute thus no longer exists.[2] A reasonable interpretation of 77–65–1 requires that the original 90-day disposition period be extended by the amount of time during which defendant himself has created delay.[3]

1. *State v. Wilson*, 22 Utah 2d 361, 453 P.2d 158 (1969).

2. *State v. Bonny*, 25 Utah 2d 117, 477 P.2d 147 (1970); *State v. Bowman*, 105 Ariz. 307, 464 P.2d 330 (1970).

3. *State v. Powell*, 215 Kan. 624, 527 P.2d 1063 (1974).

Increased by the 42 days during which defendant's own requested continuance delayed his trial, the 90-day disposition period of 77–65–1 would have ended on November 25, 1980, 13 days after the date when trial actually took place. Thus, neither the present nor the former speedy trial statute deprived the trial court of jurisdiction to try defendant's case on that date.

Affirmed.

STEWART, HOWE and OAKS, JJ., and VeNOY CHRISTOFFERSEN, District Judge, concur.