2002 UT App 53

**STATE of Utah, Plaintiff and Appellant,**

v.

**Danial PETERSON, Defendant and Appellee.**

**No. 20010211–CA.**

Court of Appeals of Utah.

Feb. 22, 2002.

---

4. In light of this conclusion, we decline to address Delta's arguments that we may affirm on other grounds.

Mark L. Shurtleff, Atty. Gen., and Jeffrey S. Gray, Asst. Atty. Gen., Salt Lake City, for Appellant.

Margaret P. Lindsay, Aldrich, Nelson, Weight & Esplin, Provo, for Appellee.

Before JACKSON, P.J., and BILLINGS, Associate P.J., and ORME, J.

## OPINION

JACKSON, Presiding Judge:

¶ 1 The State of Utah appeals the trial court's order dismissing the information filed against Danial Peterson for failure to prosecute within 120 days, under Utah Code Ann. § 77–29–1 (1999) (Detainer Statute). The State argues the trial court committed reversible error by failing to toll the 120–day period by 42 days when Peterson filed a motion to suppress, and that good cause existed to delay the trial date beyond the detainer period. Further, the State argues the trial court committed plain error in dismissing all four charges against Peterson when only the Possession of a Controlled Sub-

stance charge was specified in his Detainer Statute demand. We reverse and remand for further proceedings.

## BACKGROUND

¶ 2 Peterson was arrested on June 2, 2000, for two traffic and two drug related charges. On July 7, 2000, the trial court held a preliminary hearing and bound Peterson over for trial on all four counts. At the hearing, the court inquired whether Peterson's counsel intended to file any motions. Peterson's counsel stated, "I think it is important that we do." The court and Peterson's counsel discussed the substance of a motion to suppress, then the court set a motion schedule instead of a trial schedule.

¶ 3 On July 10, 2000, Peterson completed a form to demand speedy disposition of his case under the Detainer Statute and delivered the demand to an officer at the Utah County Jail. The demand specified only the "Poss of Meth" charge and misstated the case number. Peterson filed the motion to suppress on August 10, 2000, which the court denied after oral argument on August 21, 2000. Peterson filed a motion to reconsider on September 8, 2000, which was also denied by the court on October 27, 2000. The court then set the trial for February 1–2, 2001.

¶ 4 Peterson was appointed new trial counsel [1] who, on January 10, 2001, filed a motion to dismiss for failure to prosecute, claiming the 120 days ended on January 6, 2001. The State argued that the period from the time Peterson filed his Detainer Statute demand through the court's denial of his motion to suppress tolled an additional 31 days beyond the 120 days, thus ending the detainer period on February 6, 2001. The State further argued that the trial date was within the limits of the Detainer Statute; or, alternatively, that only the charge mentioned in the Detainer Statute demand should be dismissed. The court dismissed all charges for failure to prosecute. The State appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 5 The State challenges the trial court's dismissal of the charges against Pe-

1. Peterson also has new counsel on appeal.

terson for the State's failure to prosecute following the court's ruling that the time period from July 10, 2000, to August 10, 2000, was not a delay attributable to the Defendant for the purpose of the Detainer Statute. We review the court's decision for abuse of discretion, reviewing the underlying legal conclusions for correctness and factual findings for clear error. *See State v. Coleman*, 2001 UT App 281, ¶¶ 3–4, 34 P.3d 790.

## ANALYSIS

 ¶ 6 "First, we must determine when the 120–day period commenced and when it expired." *State v. Heaton*, 958 P.2d 911, 916 (Utah 1998). The 120–day period is tolled whenever the defendant causes the delay. *See* Utah Code Ann. § 77–29–1(3) to (4) (1999); *Heaton*, 958 P.2d at 916. The parties agree that the period was tolled for forty-nine days, from September 8, 2000, the date Peterson filed a motion to reconsider, to October 27, 2000, the date the court ruled on the motion. Further, in his reply brief, Peterson concedes the court "abused its discretion in refusing to toll the disposition period between August 10 (filing the motion to suppress) and August 21 (denial of motion to suppress)—a total of 11 days." Thus, the parties agree that the 120–day period should have been tolled for 60 days, to January 6, 2001, due to delays attributable to Peterson.

¶ 7 The only remaining dispute is whether the trial court exceeded its discretion in refusing to toll the 120–day period by 31 days from July 10, 2000, the commencement of the 120–day period, to August 10, 2000, when Peterson filed his motion to suppress. The State argues that because Peterson's trial counsel indicated he intended to file a motion to suppress at the preliminary hearing, held prior to Peterson's Detainer Statute demand, and because the court established a motion schedule to accommodate Peterson's trial counsel instead of setting a trial date, Peterson is responsible for the delay. Thus, the State argues, the 120–day period should be tolled 31 days for the period from July 10, 2000, until the court denied the motion on August 10, 2000, in addition to the time tolled from August 10, 2000, to August 21, 2000. Peterson argues that tolling should not begin until August 10, 2000, the date he filed the motion to suppress, rather than July 10, 2000, the date he orally indicated he intended to file the motion. We agree with the State.

¶ 8 At the end of the preliminary hearing, the court asked Peterson's trial counsel, "[D]o you want to file any motions in this matter[?]" Peterson's trial counsel stated, "Yes, Your Honor." The court then engaged in a discussion with counsel about the substance of the motion. Next, the court set a motion schedule, asking Peterson's counsel, "Is July 28th sufficient to file your motions?" Peterson's trial counsel responded, "More than enough." Finally, the court set the response time for the State and the reply time for Peterson. Peterson's affirmative and definite representations about filing a motion to suppress [2] caused the trial court to set a motion schedule rather than a trial schedule. Thus, Peterson's trial counsel is responsible for the delay, and "the disposition period [should have been] extended by the amount of time during which defendant himself . . . created delay." *State v. Velasquez*, 641 P.2d 115, 116 (Utah 1982). Accordingly, the trial court exceeded its discretion in determining that Peterson did not cause the delay from July 10, 2000, to August 10, 2000.[3]

## CONCLUSION

¶ 9 We reverse the trial court's dismissal for failure to prosecute, and remand for further proceedings. At the time of the dismissal, the State had twenty-seven days to bring the matter to trial. Accordingly, twenty-seven days will remain for the State to prosecute Peterson when the trial court re-

---

2. We note that motions at trial and during hearings may be made both orally and in writing. *See* Utah R.Crim. P. 12(a) ("A motion other than one made during a trial or hearing shall be in writing unless the court otherwise permits.").

3. We need not reach the State's alternative arguments related to good cause because we conclude the trial court exceeded its discretion when it concluded that the time period from July 10, 2000, to August 10, 2000, was not a delay attributable to Peterson, and we reverse on this issue.

gains jurisdiction. *See Coleman,* 2001 UT App 281 at ¶ 19, 34 P.3d 790.

¶ 10 WE CONCUR: JUDITH M. BILLINGS, Associate Presiding Judge and GREGORY K. ORME, Judge.