The STATE of Utah, Plaintiff and Respondent,

v.

Vaughn Joseph TAYLOR, Defendant and Appellant.

No. 13760.

Supreme Court of Utah.

July 10, 1975.

---

9. 4 Utah 2d 386, 295 P.2d 332 (1956).

Jack W. Kunkler, Salt Lake Legal Defender Association, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

MAUGHAN, Justice:

Defendant appeals from his conviction by a jury of the crimes of burglary of a dwelling and attempted theft. His sole point on appeal is that the trial court lacked jurisdiction to try him, because of the provisions of Section 77–65–2, U.C.A. 1953, as amended in 1965.

Defendant was incarcerated in the state prison, and the charges for which he was subsequently convicted were pending. In accordance with Section 77–65–1(a), (b), he gave a written notice and request for final disposition of the pending charges to an authorized agent of the warden. The notice was dated April 18, 1974, but the certified receipt of notice executed by an authorized agent of the warden was dated April 19, 1974. By stipulation it was agreed that the county attorney's office received the notice on April 22, 1974.

Defendant was brought to trial on July 19, 1974. Defense counsel made a motion to dismiss on the ground that the trial court lacked jurisdiction to try the case 92 days after the warden's agent had received defendant's written notice. The trial court denied the motion and ruled that the 90-day period must be computed as commencing from the date that the notice is delivered to the county attorney and the appropriate court, and not from the day that it is delivered to the warden. Under such construction defendant was tried within the 90-day period.

The specific issue presented here, viz., the commencement of the period of computation, under the statute, has not been previously determined by this court.

Section 77–65–1(a)(b) in part, provides:

. . . whenever during the continuance of the term of imprisonment there is pending in this state any untried indictment, information or complaint against the prisoner, he shall be brought to trial within ninety days after he shall have caused to be delivered to the *county attorney* of the county in which the indictment, information or complaint is pending *and the appropriate court* written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint: . . . The request of the prisoner shall be accompanied by a certificate of the warden, sheriff or other official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the board of pardons relating to the prisoner.

(b) The written notice and request for final disposition referred to in paragraph (a) hereof shall be given or sent by the prisoner to the warden, sheriff or other official having custody of him, *who shall promptly* forward it together with the certificate to the appropriate county attorney and court by registered or certi-

fied mail, return receipt requested. [Emphasis supplied.]

Defendant urges that the trial court erred in its interpretation of the phrase "after he shall have caused to be delivered to the county attorney" as requiring commencement of the 90-day period after receipt of the notice. He argues that the notice requirement of the statute involves a much broader concept than physical receipt by the county attorney. Under his theory delivery of the notice to the warden imputes notice to the county attorney and appropriate court. Defendant asserts the concept of imputed notice is applicable, since the warden has the statutory duty to forward the notice. Furthermore, when the prisoner has delivered the notice, he has fulfilled all that he is required to do under the statute; he has neither the legal obligation nor practical freedom to control the manner in which the warden fulfills his statutory duty, of forwarding the notice. Under these circumstances, defendant contends that the 90-day period commences upon the warden's receipt of notice.

Sections 77–65–1 through 3 are adaptations of the Uniform Mandatory Disposition of Detainers Act.[1] We cite two examples of the application of its principles which are pertinent here.

In State v. Johnson[2] the court recited the factual background and stated that defendant's letter of October 7, 1968, was filed with the clerk of the county, after its receipt by the presiding judge, on October 10, 1968. The court stated:

> The above facts show that slightly over half of the 120-day statutory period had elapsed between the *filing* of the defendant's letter requesting a dismissal and the commencement of his trial, discounting the period of the continuance. RCW 9.98.010, . . .. [Emphasis supplied.]

In Brimer v. State[3] the notice requesting final disposition was sent to the county attorney and the district court. At that time the only charge pending against the defendant was a complaint filed in the city court. Defendant had not waived a preliminary examination, and an information had not been filed in the district court; so the district court did not have jurisdiction to try the charges. The court stated that a defendant is required to comply with the Uniform Mandatory Disposition of Detainers Act to receive its protection. Since the defendant had directed his notice to a court which did not have criminal charges pending against him, his request for disposition of detainer was held by the court to be ineffective to invoke the benefits of the Act. In this instance the "appropriate court" was the city court.

In Section 77–65–1(a)(b), there are set forth a sequence of events to invoke the benefits of the act. First, the person incarcerated must give or send to the warden his written notice or request for final disposition. Second, the warden in mandatory terms is required to prepare a certificate setting forth the particulars specified in subsection (a). The statute provides that the request of the prisoner *shall be accompanied* by a certificate of the warden, and that these *"shall promptly"* be forwarded to the county attorney and the appropriate court. This mandatory language plainly requires delivery to the proper court, and carries with it the concomitant duty to diligently determine proper delivery. Since by the terms of the statute both the notice and the certificate are required, the act of giving or sending the notice to the warden alone is insufficient, to fulfill the express provisions of the act. Both the notice and the warden's certificate must be delivered to the county attorney and the appropriate court, before the 90-day period commences to run.

---

1. 11 U.L.A. (Master Ed.), pp. 328–334.

2. 79 Wash.2d 173, 483 P.2d 1261, 1263–1264 (1971).

3. 195 Kan. 107, 402 P.2d 789 (1965).

Significantly, the legislature has included requirements to establish an evidentiary basis to protect the prisoner's rights, e. g., the warden is required to send the requisite papers by registered or certified mail, return receipt requested. This provision establishes whether the warden acted promptly, and whether the proper parties were served with notice.

This statutory scheme represents a legislative expression of the time limits which constitute "a speedy public trial" as guaranteed to an accused in criminal prosecutions in Section 12, Article I, Constitution of Utah. Defendant has expressed anxiety over the time period in which the warden could retain the prisoner's request for disposition prior to forwarding it. Any attempt by the warden or his agents, to retain the request, or to fail to complete the certificate, beyond a reasonable time, or to misdirect the request and certificate, would violate the prisoner's right to a speedy trial, and would provide a basis for judicial relief.

The judgment of the court below is affirmed.

TUCKETT, J., concurs.

ELLETT, J., concurs in the result.

CROCKETT, Justice (concurring separately):

I concur in the affirmance of the judgment and in the main opinion. Additionally, there is another important proposition which should be mentioned, and which supports the judgment. Part of the lapse of time was due to defendant's own request (through his counsel) for a continuance. The rule is that one who invokes the 90-day limitation statute cannot count delays granted at his own request or caused by his own conduct as part of the 90 days. See State v. Bonny, 25 Utah 2d 117, 477 P.2d 147; State v. Bowman, 105 Ariz. 307, 464 P.2d 330; State v. Powell, 215 Kan. 624, 527 P.2d 1063.

HENRIOD, C. J., concurs in the views expressed in the concurring opinion of CROCKETT, J.