**STATE of Utah, Plaintiff and Respondent,**

v.

**Jerry Wayne BULLOCK, Defendant and Appellant.**

No. 18858.

Supreme Court of Utah.

April 5, 1985.

Andrew A. Valdez, Salt Lake Legal Defender Assn., Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., J. Stephen Mikita, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

ZIMMERMAN, Justice:

Defendant Jerry Wayne Bullock appeals from his conviction on a charge of robbery, a second degree felony under section 76–6–301 of the Code. U.C.A., 1953, § 76–6–301 (1978 ed.). He raises two issues on appeal. First, defendant asserts that his due process rights were denied when the trial court refused to suppress a tainted in-court identification. Second, defendant claims that the State violated section 77–29–1 of the Code, which allows a prisoner to demand disposition of pending charges within 120 days after such a demand is delivered, and that as a consequence, the trial court had no jurisdiction to adjudicate the charges against him. U.C.A., 1953, § 77–29–1 (1982 ed.).

On January 1, 1981, at approximately 6:00 p.m., a Rainbo Oil gas station in Salt Lake City was robbed. The robber entered the store alone, approached the cashier, and asked her for directions to the bathroom and telephone. She gave him the instructions. The man then walked toward the back of the station, put on his sweatshirt hood, turned toward the cashier and said, "Give me your money." The cashier opened the cash register drawer and began taking out the money, while the robber repeated his demand. Then he took a small container from his pocket and, from about two feet away, sprayed her with a foul smelling chemical. The robber grabbed the money from the tray and out of the cashier's hands, stuffed it into his sweatshirt

pockets, and headed for the door. While this was occurring, a customer, Michael Rosenhan, entered the store. He saw the robber take the money from the register and put it in his pockets. The robber brushed past Rosenhan's shoulder on the way out of the store. Rosenhan testified that he had a straight-on view of the robber's face for approximately five seconds.

Three months later, in April of 1981, Rosenhan was asked to examine a photo array in connection with the robbery. He selected one photo out of a group of eight and described the man in it as having some characteristics similar to those of the robber; however, he made no positive identification. Defendant's photo was not in the array. On February 8, 1982, Rosenhan began working as a jailer at the Salt Lake County jail. On March 25, 1982, defendant was arrested and booked into the jail on an unrelated charge. On March 26th, Rosenhan was again asked to examine a photo array. This time he positively identified the photograph of defendant as that of the Rainbo Oil robber. At an April 7th preliminary hearing, Rosenhan made a positive in-court identification of defendant.

Defendant's trial began on October 25, 1982. Rosenhan testified that the April 7th in-court identification was based on his recollection of the robbery, but that the March 26th photo array helped him remember the robber's basic facial features. Shortly thereafter, defense counsel moved to suppress the April 7th in-court identification, arguing that Rosenhan had contact with defendant while he was in jail prior to the March 26th photo identification and that this contact tainted the subsequent in-court identification.

Out of the presence of the jury, witnesses for both defendant and the State testified about the nature and extent of any contact Rosenhan might have had with defendant while he was in jail. Rosenhan testified that he first saw defendant in jail on April 5th, two days before the preliminary hearing, when he took defendant out of his cell to make a telephone call. Two defense witnesses testified to an incident

they said occurred at the jail either at the end of March or during the first week of April. They said that an on-duty jailer brought Rosenhan to the cell in which they were playing cards with defendant and pointed defendant out to Rosenhan. Defendant also testified to this incident and further stated that Rosenhan had taken him to make phone calls on several occasions. After the evidence had been heard, the trial court denied defendant's motion to suppress and the trial continued, eventually resulting in defendant's conviction.

Defendant first challenges the trial court's denial of the motion to suppress evidence of Rosenhan's April 7th in-court identification. He contends that the trial court should have accepted his version of Rosenhan's contacts with him before the identification. He misunderstands the nature of a motion to suppress.

▪ A motion to suppress requests that a trial judge determine whether proffered evidence is constitutionally defective. In making such a ruling, a trial judge will often be called upon preliminarily to resolve factual disputes. *State v. Tuttle*, 16 Utah 2d 288, 291, 399 P.2d 580, 582 (1965). If, after resolving the factual questions in his own mind, the judge concludes that the State has shown by a preponderance of the evidence that the defendant's constitutional rights will not be violated by admission of the evidence, it is admitted. *Cf. Lego v. Twomey*, 404 U.S. 477, 489, 92 S.Ct. 619, 626, 30 L.Ed.2d 618 (1972). On appeal, we will not disturb the trial court's resolution of the factual issues underlying its decision to grant or deny the motion to suppress absent clear error. *State v. Tuttle*, 16 Utah 2d at 291, 674 P.2d at 125; *State v. Cole*, Utah, 674 P.2d 119, 122, 125 (1983).

▪ Defendant's appeal is predicated entirely on our acceptance of his version of what occurred after he was booked into jail on March 25th. However, there was directly conflicting evidence on this point. The trial judge chose to believe the State's witnesses rather than defendant's witnesses and denied defendant's motion to suppress. An identification procedure does not deny a

defendant due process of law unless it is "so unnecessarily suggestive and conducive to irreparable mistaken identification as to deny the accused a fair trial." *State v. McCumber*, Utah, 622 P.2d 353, 357 (1980), *citing, inter alia, Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). Plainly, the trial court's decision was supported by adequate record evidence.

■ Although the trial judge denied defendant's motion to suppress the identification, defendant was free to present to the jury any evidence he had presented to the judge that would tend to undermine Rosenhan's identification and his credibility. *Cf. State v. Crank*, 105 Utah 332, 353, 142 P.2d 178, 185 (1943). Defendant chose not to have the two witnesses who testified on his behalf at the preliminary hearing testify again before the jury about the alleged encounters between defendant and Rosenhan prior to the in-court identification. Nor did defendant choose to take the stand himself to testify about these matters. However, defendant's counsel cross-examined Rosenhan and, in closing, argued that Rosenhan's identification was not credible. The jury apparently chose to believe Rosenhan.

■ We should further note that the jury heard testimony other than Rosenhan's connecting defendant to the crime. His girlfriend testified that on the evening of the robbery, she loaned her car and key ring with attached mace sprayer to defendant so that he could buy cigarettes. When he returned, he spilled a lot of money over her head, proclaiming, "We're rich." Even absent the identification testimony, substantial evidence of defendant's culpability was before the jury, and therefore it appears that the trial court's denial of the motion to suppress did not affect defendant's substantial rights. Utah R.Evid. 103 (Supp.1984).

Defendant's second claim relates to the postponement of the trial. Although the trial actually began on October 25th, it was originally scheduled for October 12th. At that time, however, defendant's court-appointed counsel was ill and unable to proceed. Defendant then moved to have his counsel dismissed and to proceed instead *pro se*. The court denied defendant's motion, granted his counsel's motion for a continuance, and rescheduled the trial for October 25th. Relying on section 77–29–1 of the Code, defendant contends that this ruling denied him his right to a speedy disposition of the charges pending against him.

Section 77–29–1 provides that once a prisoner delivers a written request for disposition of charges pending against him to the warden, sheriff, or custodial authority, he is entitled to have the charge brought to trial within 120 days of the date of delivery of the request. U.C.A., 1953, § 77–29–1(1) (1982 ed.). Defendant claims that he made a request for disposition and that the trial did not commence within the 120 day period, but on the 125th day. Therefore, defendant argues, the trial court lost jurisdiction over the matter, and the case should be dismissed.

■ This argument is wholly without merit. First, there is no record evidence to support defendant's assertion that he made the required written demand for disposition. Second, even if he made such a demand, the statute explicitly provides that a reasonable continuance beyond 120 days may be granted "for good cause shown." U.C.A., 1953, § 77–29–1(3) (1982 ed.). Here, defense counsel was ill on the date scheduled for trial. Under the circumstances, the trial court's decision to grant a short continuance was certainly reasonable. Therefore, defendant was not denied his statutory right to a speedy disposition of pending charges.

Affirmed.

HALL, C.J., and HOWE and DURHAM, JJ., concur.

STEWART, J., concurs in the result.