**STATE of Utah, Plaintiff and Respondent,**

v.

**Steven M. STILLINGS, Defendant and Appellant.**

**No. 20480.**

Supreme Court of Utah.

Oct. 28, 1985.

Bernard L. Allen, Ogden, for defendant and appellant.

David L. Wilkinson, Earl F. Dorius, Salt Lake City, for plaintiff and respondent.

HOWE, Justice:

Defendant, Steven M. Stillings, moved the court below for an order dismissing the charges against him pursuant to U.C.A., 1953, § 77–29–5, the Interstate Agreement on Detainers. The trial court denied his motion and from that denial he appeals.

Defendant was charged with four counts of aggravated robbery and one count of being an habitual criminal. He was arraigned on April 26, 1984, in the Circuit Court of Multnomach County, Oregon, on fugitive warrants issued in Weber County, Utah. On June 27, 1984, the Weber Coun-

---

ty attorney requested temporary custody of defendant who was then in the Oregon State Penitentiary. He was transported to Utah and arraigned in Weber County Circuit Court on August 20. After waiving preliminary hearing, he was arraigned in Weber County District Court on August 31. The trial date was set for late in November. Later, the court, sua sponte, moved the trial date up to October 31. Notice of the amended trial date was mailed to defense counsel on September 10.

On October 26, defendant moved for a continuance, claiming he was unprepared for trial. The trial was continued to January 8, 1985.

On January 4, 1985, defendant moved to dismiss the charges against him on the ground that the 120-day statutory time limit for trial had expired. The court denied his motion and on February 13, 1985, defendant entered guilty pleas to an amended information charging him with three counts of robbery.

Section 77–29–5, U.C.A., 1953, provides in pertinent part:

> . . . .
>
> (c) In respect of any proceeding made possible by this article, trial shall be commenced *within one hundred twenty days* of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.
>
> (d) . . . .
>
> (e) If trial is not had on any indictment, information or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to Article V(e) hereof, such indictment, information or complaint shall not be of any further force or effect, and *the court shall enter an order dismissing the same with prejudice.*

(Emphasis added.)

This section succeeds other statutes which similarly protect a defendant's constitutional right to a speedy trial. The purpose of this 120-day requirement is two-fold: To effectively compel the constitutional guarantee of a speedy trial, and secondly, to more precisely define what is meant by the words "speedy trial" as they are used in our constitution. *See State v. Wilson,* 22 Utah 2d 361, 453 P.2d 158 (1969).

While the right to a speedy trial is of paramount importance in a criminal case, a defendant who initiates delay is not in a position to demand adherence to a statutory time limit. *State v. Trujillo,* Utah, 656 P.2d 403 (1982). When a defendant asks to delay the trial, he "indicates his willingness to temporarily waive this protection [, and] the purpose behind the statute thus no longer exists." *State v. Velasquez,* Utah, 641 P.2d 115, 116 (1982) (footnote omitted). Here, defense counsel mailed the request for discovery to the State on October 9, almost one month after receiving notice of the amended trial date of October 31. When he moved for a continuance on October 26, he claimed he was unprepared for trial largely because he was having difficulty locating witnesses and requested a court order allowing him unlimited phone calls to aid him in finding the witnesses. He also moved to compel discovery but only as to matters not specified in his earlier discovery request. Thus, most of the delay was in fact instituted by the defendant, not the prosecutor, and he is not entitled to a discharge or dismissal of the charges. *See State v. Knill,* Utah, 656 P.2d 1026 (1982).

Affirmed.

HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.