**STATE of Utah, Plaintiff and Appellee,**

v.

**Bryon Dale PETERSEN, Defendant and Appellant.**

**No. 900180.**

Supreme Court of Utah.

April 4, 1991.

Keith H. Chiara, Price, and Allen S. Thorpe, Castle Dale, for defendant and appellant.

R. Paul Van Dam, Dan R. Larsen, Salt Lake City, for plaintiff and appellee.

HALL, Chief Justice:

Defendant Bryon Dale Petersen appeals his convictions of aggravated burglary,[1] a first degree felony; of two counts of attempted second degree murder,[2] both second degree felonies;[3] and of being a habitual criminal.[4]

On July 6, 1989, Petersen was charged with burglarizing the home of Ms. Lola Jewkes and attempting to murder Ms. Jewkes and her daughter. Petersen, having been previously convicted and sentenced to prison for felony offenses, at least one of which was a second degree felony, was also charged with possession of a firearm by a prohibited person[5] and with being a habitual criminal. On July 12, 1989, Petersen, who was being held at the Utah State Prison pending a parole revocation hearing, filed a notice and request for disposition of pending charges ("notice of disposition"), pursuant to Utah Code Ann. § 77–29–1 (Supp.1989). The notice of disposition was filed with an authorized agent of the Utah State Prison. Section 77–29–1(2) requires that any custodial officer, upon receipt of a notice of disposition, "shall immediately cause the demand to be forwarded ... to the appropriate prosecuting attorney and court clerk." Section 77–29–1(1) states that a prisoner is "entitled to have the charge brought to trial within 120 days of the date of delivery of written notice." The Emery County Attorney received a copy of the notice of disposition. However, for unknown reasons, no copy of the notice was found in the trial court's file.

On July 27, 1989, the Emery County Public Defender was appointed to represent Petersen. Petersen was arraigned on September 6, 1989, and at the arraignment, requested that the court appoint different counsel because of Petersen's dissatisfaction with the public defender's handling of his case. Petersen's request for new counsel was denied, and without objection, trial was set for February 15, 1990, 218 days after Petersen filed the notice of disposition.

On January 5, 1990, Petersen's appointed counsel sought to withdraw from the case, claiming that he was not able to resolve continuing conflicts with his client. On January 12, 1990, the trial judge denied the motion to withdraw and appointed co-counsel. When Petersen's new defense counsel learned that Petersen had filed a notice of disposition, a motion to dismiss was filed on the ground that Petersen was not brought to trial within 120 days of the delivery of the notice. On February 15, 1990, a hearing was held and the motion to dismiss was denied.

In dismissing the motion, the trial court found: (1) The county attorney had received the notice of disposition, but the court had received no notice whatsoever. (2) The court asked Petersen whether the trial date was acceptable, and Petersen did not object to the date. (3) The trial date was set to allow time for defendant and his counsel to resolve their differences. (4) Petersen, as a result of having his parole

1. Utah Code Ann. § 76–6–203(1) (Supp.1989).

2. Utah Code Ann. § 76–5–203(1)(a) (Supp.1989).

3. Utah Code Ann. § 76–4–102 (Supp.1989).

4. Utah Code Ann. § 76–8–1001 (Supp.1989).

5. Utah Code Ann. § 76–10–503 (Supp.1989).

revoked, has been incarcerated in the Utah State Prison since the filing of the charges. In its conclusions of law, the trial court ruled: (1) The setting of the trial date for February 15, 1990, occurred within the 120–day period and was for the purpose of allowing time for Petersen and his counsel to resolve their differences and, therefore, constituted a continuance for good cause. (2) Petersen waived the statutory right to a trial within 120 days by not objecting to the trial date. (3) Petersen had the burden of showing that the failure to try his case before the expiration of the statutory period resulted in prejudice to his case or tactical advantage to the prosecutor. (4) Petersen made no showing of prejudice or tactical advantage. (5) The delay was not caused by any action or inaction of the prosecutor.

On February 15, 1990, the date of the trial, Petersen moved to disqualify the trial judge on the ground that the judge had previously, as a district attorney, prosecuted defendant and had recused himself from presiding over a trial of defendant in December of 1981. The court denied this motion on the ground that it was not timely made.

The aggravated burglary charge and the two attempted murder charges were tried to a jury on February 15 and 16. The jury returned a verdict of guilty on all counts. Following the verdict, defendant waived a jury trial on the charge of being a habitual criminal. The court subsequently found defendant guilty of this charge. The charge of unauthorized possession of a handgun was dismissed. Petersen was sentenced to an indeterminate term of not less than five years nor more than life on each one of the four charges, such terms to run consecutively.

There are three issues presented on appeal. First, Petersen claims that all his convictions should be reversed and all charges dismissed with prejudice due to the State's failure to bring him to trial within 120 days of the date on which the notice of disposition was delivered to the county attorney. Second, Petersen claims that if this court does not dismiss the charges, he is entitled to a new trial on the grounds of bias and prejudice on the part of the trial judge. Third, the State, on its own motion, asserts that Petersen was improperly sentenced and asks that the case be remanded for resentencing.[6]

Petersen's claim that his convictions should be reversed and the charges against him dismissed with prejudice is based on section 77–29–1,[7] which reads in pertinent part:

(1) Whenever a prisoner is serving a term of imprisonment in the state prison ... and there is pending against the prisoner in this state any untried indictment or information, and the prisoner shall cause to be delivered to the warden ... or any appropriate agent of the same, a written demand specifying the nature of the charge and the court wherein it is pending and requesting disposition of the charge, he shall be entitled to have the charge brought to trial within 120 days of the date of delivery of written notice.

. . . .

(3) After written demand is delivered as required in Subsection (1), the prosecuting attorney or the defendant or his counsel, for good cause shown in open court, with the prisoner or his counsel being present, may be granted any reasonable continuance.

(4) In the event the charge is not brought to trial within 120 days, or with-

---

6. *See State v. Williams,* 773 P.2d 1368, 1374 (Utah 1989); *State v. Johnson,* 771 P.2d 1071, 1074 (Utah 1989); *State v. Stilling,* 770 P.2d 137, 144–45 (Utah 1989) (all holding that the habitual criminal statute does not create a separate crime but operates as an enhancing statute); *see also* Utah Code Ann. § 76–5–203(2) (Supp.1989) (second degree murder is a first degree felony); Utah Code Ann. § 76–4–102 (Supp.1989) (attempted second degree murder is a second degree felony); Utah Code Ann. § 76–3–203(2)

(Supp.1989) (second degree felony is punishable by an indeterminate period of not less than one nor more than fifteen years).

7. Petersen does not claim that his constitutional rights to a speedy trial were violated. *See* U.S. Const. amend. VI; Utah Const. art. I, § 12. The right afforded by the Utah Constitution is also guaranteed by Utah Code Ann. § 77–1–6(1)(f) (Supp.1989).

in such continuance as has been granted, and the defendant or his counsel moves to dismiss the action, the court shall review the proceeding. If the court finds that the failure of the prosecuting attorney to have the matter heard within the time required is not supported by good cause, whether a previous motion for continuance was made or not, the court shall order the matter dismissed with prejudice.

The threshold issue, in determining whether Petersen's convictions should be reversed pursuant to section 77–29–1, is whether the trial court erred in ruling that Petersen waived his rights under the statute by not objecting to the trial date. Whether criminal defendants, after filing notices of disposition, are required to affirmatively assert their rights under section 77–29–1 is a question of statutory construction and, therefore, a question of law. Questions of law are reviewed for correctness.[8]

This court has held that criminal defendants have no such duty to object under Utah Code Ann. §§ 77–65–1 to –2 (Supp.1953) (amended 1980), the predecessor to section 77–29–1.[9] In so holding, we stated, "[I]t is apparent that the legislature intended to place the burden of complying with the statute on the prosecutor."[10] The language in section 77–29–1 compels the same conclusion. Section 77–29–1(4) states, "If the court finds that the *failure of the prosecuting attorney* to have the matter heard within the time required is not supported by good cause ... the court shall order the matter dismissed with prejudice."[11] This language clearly places the burden of complying with the statute on the prosecutor. Therefore, Petersen, after

filing his notice of disposition, was not required to object to the trial date in order to maintain his rights under section 77–29–1.

Since Petersen did not waive his rights, the determination of whether his convictions should be reversed is dependent on whether, in accordance with section 77–29–1(3), a "reasonable continuance" was granted for "good cause shown" or whether, in accordance with section 77–29–1(4), the trial judge properly found that the "failure of the prosecuting attorney to have the matter heard within the time required is supported by good cause." Before reaching these questions, however, it is important to note that we have interpreted both section 77–29–1 and its predecessor as granting discretion to the trial court.[12] Specifically, in *State v. Bonny*[13] we held that sections 77–65–1 to –2 (1953) (amended 1980) granted trial courts the authority to make reasonable determinations concerning the existence of good cause.

> *"[F]or a good cause shown in open court ... the court having jurisdiction in the matter may grant any necessary or reasonable continuance."* The emphasized language of the statute just quoted makes it clear that if there is a reasonable basis in the record to support the proposition that the trial court granted a continuance "for good cause shown" it was within [the trial court's] discretion and authority to do so.[14]

In stating this standard of review, the court relied on language that is consonant with the language of section 77–29–1(3); accordingly, the same standard should apply to the present statute. Although the predecessor to section 77–29–1 did not have a provision parallel to section 77–29–1(4), the decision not to dismiss under section

---

8. *E.g., Berube v. Fashion Centre, Ltd.,* 771 P.2d 1033, 1038 (Utah 1989) (statutory construction is a question of law which is reviewed for correctness); *Forbes v. St. Mark's Hosp.,* 754 P.2d 933, 934 (Utah 1988) (statutory construction is a question of law, which is reviewed for correctness).

9. *State v. Wilson,* 22 Utah 2d 361, 453 P.2d 158, 160 (1969).

10. *Id.*

11. Utah Code Ann. § 77–29–1(4) (emphasis added).

12. *State v. Trujillo,* 656 P.2d 403, 405 (Utah 1982) (per curiam) (interpreting section 77–29–1); *State v. Bonny,* 25 Utah 2d 117, 477 P.2d 147, 147–48 (1970) (interpreting section 77–65–1).

13. 25 Utah 2d 117, 477 P.2d 147 (1970).

14. *Id.,* 477 P.2d at 147–48 (emphasis in original).

77–29–1(4) is based on a finding of "good cause," as is the decision to grant a continuance under section 77–29–1(3). Therefore, the same standard of review should be applied to both subsections 77–29–1(3) and (4).[15]

■■■ Before reviewing the record to determine if there is a reasonable basis for the trial court's judgment, however, it is necessary to make primary determinations concerning the content of the record. It is to be noted that trial courts do not have discretion to misapply the law.[16] Therefore, legal determinations concerning the proper interpretation of the statute which grants the trial court discretion are reviewed for correctness.[17] Similarly, the trial court's factual determinations will not be disturbed unless clearly erroneous.[18] It is only after these primary determinations are made that the record can be reviewed for the existence of a reasonable basis for the proposition that good cause existed for the continuance or the delay.

■■■ The record supports the trial court's factual findings. In its conclusions of law, however, the trial court erred in rulings concerning the correct interpretation and application of section 77–29–1. Specifically, the trial court ruled that under section 77–29–1, Petersen had the burden of proving that the delay prejudiced his case or gave the prosecution a tactical advantage. Although the fact that the delay works to the disadvantage of a defendant may be a

reason for not finding "good cause," nothing in section 77–29–1, its predecessor, or any of the case law under either statute requires a showing of prejudice in order for the charges against a defendant to be dismissed. On the contrary, section 77–29–1 clearly provides that if there is not good cause for the delay, the court shall order the matter dismissed. The statute makes no mention of the effect of the delay. The only support the State cites for the trial court's position is a case dealing with the constitutional right to a speedy trial.[19] However, we have never used the same approach in cases decided under section 77–29–1 or its predecessor as we have used in constitutional cases.[20] The conclusion that Petersen did not carry his burden of showing prejudice, therefore, cannot be used to support the finding of good cause.

■■■ It is also to be noted that the trial court erred in ruling that a reasonable continuance was granted tolling the statutory period. Section 77–29–1(3) sets out requirements that must be met before trial judges, in their discretion, may grant continuances that toll the time in which a defendant must be tried under section 77–29–1. This section provides that "the prosecuting attorney or the defendant or his counsel ... may be granted any reasonable continuance." It is clear from the record that neither of the attorneys nor defendant requested or was granted a continuance. The requirements of the statute not being

---

15. See State v. Trujillo, 656 P.2d at 405.

16. See 5 Am.Jur.2d Appeal and Error § 772 (1962); 4 C.J.S. Appeal and Error § 111 (1957).

17. See Hancock v. Planned Development Corp., 791 P.2d 183, 185 (Utah 1990) (trial court does not have discretion to grant new trial absent one of the grounds specified in the rule); Tangaro v. Marrero, 13 Utah 2d 290, 373 P.2d 390, 391 n. 2 (1964) (trial court does not have discretion to grant new trial absent one of the grounds specified in the rule); 5 Am.Jur.2d Appeal and Error § 772 (1962) (trial court has no discretion to misapply the law; 4 C.J.S. Appeal and Error § 111 (1957) (trial court has no discretion on question of own power); see also, e.g., Berube v. Fashion Centre, Ltd., 771 P.2d 1033, 1038 (Utah 1989) (statutory construction

is a question of law which is reviewed for correctness); Forbes v. St. Mark's Hosp., 754 P.2d 933, 934 (Utah 1988) (statutory construction is a question of law which is reviewed for correctness). See generally State v. Wilson, 22 Utah 2d 361, 453 P.2d 158, 160 (1969) (supreme court interprets sections 77–65–1 to –2 (1953) (amended 1980) and grants no deference to trial court's ruling).

18. See Utah R.Civ.P. 52(a); Sweeney Land Co. v. Kimball, 786 P.2d 760, 761 (Utah 1990).

19. State v. Banner, 717 P.2d 1325, 1327–31 (Utah 1986).

20. See State v. Clark, 28 Utah 2d 272, 501 P.2d 274, 276 (1972) (rights under section 77–65–2 (amended 1980) are distinct from constitutional rights to speedy trial).

met, the trial court erred in concluding that a continuance was granted under section 77–29–1(3).

This fact, however, is not fatal to State's case. Section 77–29–1(4) states that if a motion to dismiss is brought, the trial court shall review the proceedings. "If the court finds that the failure of the prosecuting attorney to have the matter heard within the time required is not supported by good cause, whether a previous motion for continuance was made or not, the court shall order the matter dismissed with prejudice." This language makes it clear that it is the finding of good cause that is dispositive and not the actual granting of a continuance. The court did find that there was good cause for the delay in that the trial was set to allow time for defendant and his counsel to resolve their differences. The finding of good cause is also supported by the court's conclusion that the delay was not caused by an action or inaction of the prosecutor.

■ As the State points out, this court has upheld trial court findings of good cause that were supported, at least in part, by the fact that the delay was not caused by action or inaction of the prosecutor.[21] However, this factor alone has never been considered dispositive. In the past, we have reversed a trial court's decision not to dismiss, notwithstanding the fact that the delay was not caused by the prosecutor.[22] Furthermore, in the cases cited by the State, there are other reasons for the finding of good cause, such as a request on the part of the defense for a continuance.[23]

and/or a relatively short delay caused by unforeseen problems arising immediately prior to trial.[24] In any event, to hold that good cause is supported by the lone fact that the delay was not caused by the prosecutor would contradict the language in section 77–29–1(4) which places the burden of complying with the statute on the prosecution.

■ It is necessary, therefore, to examine the trial court's conclusion that the delay was reasonable because it was for the specific purpose of allowing defendant and his counsel time to resolve their conflicts. In some circumstances, conflicts between defendants and their counsel may justify delay. It is to be noted, however, that in the instant case the trial court became aware of the problems 57 days after the notice of disposition was filed. Arguably, this problem could have been resolved within the time allotted by the statute. Indeed, a review of the record makes it clear that the trial judge did not feel that such a delay was necessary. When Petersen's counsel, due to continuing conflicts, sought to withdraw 34 days prior to trial, the court denied the motion, appointed co-counsel, and did not continue the trial. In the order appointing co-counsel, the court stated that it did "not wish to delay the trial because of any such conflict." Since a delay was not necessary to resolve the conflict 34 days before the date of trial, *a fortiori*, a delay was not necessary to resolve the conflict approximately 63 days before the running of the statutory period.[25]

21. *See State v. Stillings,* 709 P.2d 348, 349 (Utah 1985) (concerning the Interstate Agreement on Detainers Act, Utah Code Ann. § 77–29–5 (Supp. 1984)); *State v. Bullock,* 699 P.2d 753, 756 (Utah 1985); *State v. Trujillo,* 656 P.2d 403, 405 (Utah 1982) (per curiam); *State v. Velasquez,* 641 P.2d 115, 116 (Utah 1982).

22. *See State v. Wilson,* 22 Utah 2d 361, 453 P.2d 158, 159–60 (1969). Although Wilson was decided under the previous statute, as noted above the standard for allowing a case to be tried beyond the required time, good cause, is the same under both statutes.

23. *State v. Stillings,* 709 P.2d at 349; *State v. Bullock,* 699 P.2d at 756; *State v. Velasquez,* 641 P.2d at 116.

24. *State v. Bullock,* 699 P.2d at 756; *State v. Trujillo,* 656 P.2d at 405.

25. The statute requires that a defendant be tried within 120 days of the time the notice is delivered, not filed. *See* § 77–29–1(1); *see also State v. Taylor,* 538 P.2d 310, 312–13 (Utah 1975) (dealing with section 77–65–2). Since the record does not reveal when the notice of disposition was delivered to the county attorney, it is impossible to determine the exact date the statutory period ran. However, nothing in the record indicates that the notice of disposition was not delivered within a reasonable time as required by the statute. *See* § 77–29–1(2); *see also State v. Taylor,* 538 P.2d at 312–13.

It should also be noted that there was a long delay inasmuch as the trial date was set for 218 days beyond the time defendant filed the notice of disposition. Given the fact that the record reveals that the trial court felt the delay was unnecessary, such a long delay cannot be considered reasonable. The conclusion that the delay was for the purpose of allowing time for defendant and his counsel to resolve their conflicts, therefore, cannot be used to support a reasonable basis for the finding of good cause.

The State contends that in *State v. Bullock*, [26] this court upheld a finding of good cause under similar facts. *Bullock*, however, is easily distinguishable from the instant case. First, in *Bullock* the defense counsel moved for a continuance because he was ill on the date of trial.[27] In the instant case, there was no motion for a continuance and the conflict did not arise shortly before trial. Second, in *Bullock* the continuance only delayed the trial 13 days beyond the original trial date.[28] In the instant case, the trial was delayed over 90 days from the running of the statutory period. A review of the proceeding, therefore, does not reveal a reasonable basis for the finding of good cause. Accordingly, pursuant to section 77–29–1, Petersen's convictions should be reversed and the charges against him dismissed with prejudice.

Due to our holding regarding section 77–29–1, we do not reach the other issues in the case. However, we feel compelled to again comment on the propriety of trial judges' presiding over criminal trials when they have previously prosecuted the defendants. In *State v. Neeley*, [29] a case that also dealt with a judge who presided over a trial of a defendant whom he had previously prosecuted, we stated:

[A] judge *should* recuse himself when his "impartiality" might reasonably be questioned. Utah Code of Judicial Conduct 3(C)(1)(b) (1981). This standard set forth by the Code of Judicial Conduct should be given careful consideration by the trial judge. It may require recusal in instances where no actual bias is shown.... [T]he integrity of the judicial system should be protected against any taint of suspicion.... [W]e recommend the practice that a judge recuse himself where there is a colorable claim of bias or prejudice....[30]

We went on to hold that although judges should recuse themselves if there are colorable claims of bias or prejudice, absent a showing of actual bias, "failure to do so does not constitute reversible error as long as the requirements of section 77–35–29 [current version at Utah R.Crim.P. 29] have been met." [31]

The instant case, however, is more troubling than *Neeley*. In this case, the trial judge, upon receiving the affidavit alleging prejudice, did not have a second judge rule on the legal sufficiency of the affidavit as required by rule 29(d), but summarily dismissed the motion on the ground that it was untimely. We are aware of the problems that arise when motions to disqualify are filed the day of trial and stress that we are not deciding the issue of whether the requirements of rule 29 must be complied with under such circumstances. However, because the motion to disqualify was summarily dismissed, we are without a record sufficient to enable us to determine whether the affidavit was filed "as soon as practical" and "in good faith" as required by rule 29(c). It is also to be observed that, assuming the trial judge was aware of his prior contact with Petersen, the problem could have been avoided had the judge followed our recommendation in *Neeley* and,

26. 699 P.2d 753 (Utah 1985).

27. *Id.* at 756.

28. *Id.* In *Bullock,* there was no record of the delivery of the notice of disposition. Therefore, it is impossible to determine how much time passed between the delivery of the notice and the trial.

29. 748 P.2d 1091 (Utah 1988).

30. *Id.* at 1094 (emphasis in original).

31. *Id.* at 1094–95.

on his own motion, recused himself due to the colorable claim of prejudice.

Pursuant to our holding regarding section 77-29-1, the convictions are reversed and the charges are dismissed with prejudice.

HOWE, A.C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.