**STATE of Utah, Plaintiff and Appellee,**

v.

**Sioudonne PHATHAMMAVONG, Defendant and Appellant.**

**No. 920342–CA.**

Court of Appeals of Utah.

Decided Oct. 7, 1993.

Cleve J. Hatch (argued), and Donald E. Elkins, Elkins and Associates, Provo, for plaintiff-appellant.

Jan Graham, State Atty. Gen., and Kenneth A. Bronston, Ass'n Atty. Gen. (argued), Salt Lake City, for defendant-appellee.

Before BENCH, RUSSON and GARFF,[1] JJ.

## OPINION

BENCH, Judge:

Defendant challenges the trial court's denial of his motion to dismiss based upon his right to a speedy trial. We affirm.

## FACTS

In July 1991, defendant was charged with aggravated assault for acts committed in June 1991. Thereafter, defendant was arrested and imprisoned because these alleged acts violated his probation on a previous conviction. On September 19, 1991, defendant signed a Notice and Request for Disposition of Pending Charges ("Request"), asserting his right to a speedy trial within 120 days. That same day, defendant gave the Request to his caseworker, Lynette Vance. On October 8, the Request was received by June Hinckley, an authorized agent of the Record Unit of the prison. On October 11, the Utah County Attorney's Office received the Request that Ms. Hinckley had forwarded.

The preliminary hearing was set for October 21, 1991. Defendant's counsel, Jimi Mitsunaga, appeared on that date and requested time to review a witness transcript because he was new counsel. The trial court granted defendant a continuance to October 25.

On December 11, the parties appeared for trial, at which time the State notified the trial court that a witness previously sought by both parties had finally been found and was available to testify. Defendant's counsel requested another continuance to interview the witness, and trial was continued to January 6, 1992.

On January 6, prospective jurors were seated in the courtroom. Counsel met in chambers to discuss the State's attempt to amend the information to include a firearm enhancement. The trial court denied the motion to amend, whereupon the State moved to dismiss the information. Before the jury was ever impaneled and sworn, the judge granted the State's motion to dismiss. On January 13, the State issued a new information, charging defendant with possession of a dangerous weapon by a restricted person and a firearm enhancement, in addition to the aggravated assault charge.

The trial court set January 22 for the preliminary hearing on the refiled charges. At the request of Gary Weight, defendant's new counsel, the trial court continued the preliminary hearing to February 18.

On March 4, defendant filed a motion to dismiss, alleging that he had not been tried within 120 days of his Request, as required under Utah Code Ann. § 77–29–1 (1990). The trial court denied the motion, holding that defendant had been tried within 120 days after accounting for the delays requested by defendant. On March 23, defendant's case was tried to a jury, which found defendant guilty of aggravated assault. This appeal followed.

## STANDARDS OF REVIEW

■ Defendant first challenges the trial court's interpretation of section 77–29–1. We review questions of statutory interpretation for correctness without giving deference to the trial court's interpretations. *State v. Petersen*, 810 P.2d 421, 425 (Utah 1991). Defendant also challenges the trial court's factual findings. We will not disturb the trial court's factual determinations unless they are clearly erroneous. *Id.*

## ANALYSIS

■ The dispositive issue on appeal is whether the trial court erred in denying defendant's motion to dismiss based upon his right to a speedy trial.[2] Defendant

---

1. Senior Judge Regnal W. Garff, acting pursuant to appointment under Utah Code Ann. § 78–3–24(10) (1992).

2. In his reply brief on appeal, defendant also argues that he was twice put in jeopardy for the same offense. Essentially, he contends that jeopardy attached on January 6 when the trial court dismissed the original information. After oral argument on the appeal, this court ordered that defendant's reply brief be stricken because

argues his right to a speedy trial was violated, and thus, the trial court erroneously denied his motion to dismiss. We disagree. Utah Code Ann. § 77–29–1(1) (1990) provides, in pertinent part:

> Whenever a prisoner is serving a term of imprisonment in the state prison, jail or other penal or correctional institution of this state, and there is pending against the prisoner in this state any untried indictment or information, and the prisoner shall deliver to the *warden, sheriff or custodial officer in authority, or any appropriate agent of the same,* a written demand specifying the nature of the charge and the court wherein it is pending and requesting disposition of the pending charge, he shall be entitled to have the charge brought to trial *within 120 days of the date of delivery of written notice.*

*Id.* (emphasis added).

On September 19, 1991, defendant gave the Request to his caseworker, but the authorized agent of the Record Unit did not receive the Request until October 8. Thereafter, on October 11, the Utah County Attorney's Office received the Request. The trial court found that, after accounting for defendant's delays, the trial was held within 120 days of October 11.[3] On appeal, defendant contends that the 120–day period runs not from the date the county attorney received the Request, but from the date defendant delivered the Request to an "appropriate agent" of the warden.

The State argues that June Hinckley, the authorized agent of the Record Unit, was the "appropriate agent" of the warden, and therefore, that October 8 is the operative date. If this is the operative date, the trial was timely. Defendant, however, argues that his caseworker is an "appropriate agent" of the warden, thus making September 19 the operative date. If this is the case, the trial may not have been timely.[4]

Defendant's argument that the 120–day period commenced on September 19 was not properly raised to the trial court. Until defendant's reply memorandum in support of his motion to dismiss, defendant had uniformly argued that the operative date was October 11. However, in his reply memorandum, defendant suggested for the first time that September 19 may be the operative date.[5] In *White v. Kent Medical Ctr. Inc.,* 61 Wash.App. 163, 810 P.2d 4, 8 (1991), the Washington Court of Appeals stated:

> It is the responsibility of the moving party to raise in its ... motion *all* of the issues on which it believes it is entitled to [prevail]. *Allowing the moving party to raise new issues in its rebuttal materi-*

it was untimely filed and addressed new issues. In any event, the argument is without merit since jeopardy only attaches once "a jury has been sworn and impaneled." *State v. Ambrose,* 598 P.2d 354, 358 (Utah 1979).

**3.** The trial court's Memorandum Decision states October 20, 1991, but calculates the time from October 11. Based upon the trial court's calculation, we assume October 11 to be the operative date since October 20 is otherwise not mentioned in the record.

**4.** The State argues that even if we find the caseworker is an "appropriate agent," the trial was timely because there were other delays properly attributable to defendant. In view of our decision herein that defendant did not properly assert at trial that the caseworker is an "appropriate agent," we need not reach the issue of additional delay.

**5.** Throughout defendant's reply memorandum, he alternatively referred to September 19 and October 11 as the operative date to commence the 120–day period. After the trial court had denied defendant's motion to dismiss, defendant attempted to bolster his claim that September 19 is the operative date by submitting his caseworker's untimely affidavit. A matter is sufficiently raised only if it has been submitted to the trial court and the trial court has had an opportunity to rule on the question. *See James v. Preston,* 746 P.2d 799, 801 (Utah App.1987). In this case, the trial court never had an opportunity to rule on the question presented on appeal, since the affidavit was submitted only after the trial court had issued its Memorandum Decision. Further, it is not the function of an affidavit to bring a legal argument before the trial court. 6A James Wm. Moore, *Moore's Federal Practice* § 56.22[1] (1993). The relief defendant seeks must be made by motion and supported by affidavit or other evidence. Since the trial court never had before it the issue of whether defendant's caseworker is an "appropriate agent" under the statute, we will not address the question for the first time on appeal.

*als is improper because the nonmoving party has no opportunity to respond.* It is for this reason that, in the analogous area of appellate review, the rule is well settled that the court will not consider issues raised for the first time in a reply brief.[6]

*Id.* (emphasis added) (citations omitted). The Washington court held that the trial court improperly considered an issue first raised in movant's reply memorandum. *Id.* at 8–9. *Cf.* U.S.Dist.Ct., D. Utah, Rule 202(b)(2) ("A reply memorandum must be limited to rebutting matters raised in the memorandum opposing the motion."); *Black's Law Dictionary* 1267 (6th ed. 1990) (rebuttal evidence is restricted to "explain, repel, counteract, or disprove facts given in evidence by the opposing party"). We find the reasoning in *White* persuasive. Since defendant first raised the issue in his reply memorandum, it was not properly before the trial court and we will not consider it for the first time on appeal. *See State v. Webb*, 790 P.2d 65, 77 (Utah App. 1990).

■ The trial court held that the operative date commenced upon receipt of the Request by the Utah County Attorney's Office on October 11. While October 11 would have been the operative date under a previous version of the statute, it is not the operative date under the current statute. Under section 77–29–1 of the Utah Code, the operative date is when the prisoner delivers a written demand to an "appropriate agent" of the warden. *See, e.g., State v. Petersen*, 810 P.2d 421, 427 (Utah 1991) (stating 120–day period commenced when defendant filed notice of disposition with appropriate agent). Although the trial court erred by three days in its determination of the operative date, such error is harmless since defendant was tried within the time allowed after the Request was filed with an appropriate agent on October 8.

■ Under section 77–29–1, defendant must be tried within 120 days of his Re-

quest. Defendant properly requested a trial on October 8, 1991, and a trial was conducted 167° days later, on March 23, 1992. However, the trial court found that defendant was responsible for delaying the trial by 57 days. Thus, if the trial court properly accounted defendant with 57 days of the delay, the trial was conducted 110 days after defendant's Request. We review the trial court's determination of delay attributable to defendant under a clearly erroneous standard. *Petersen*, 810 P.2d at 425.

The trial court held:

> The Court in the review of the record finds that the defendant's counsel made a motion for continuance on October 21, 1991 to October 25, 1991, a total of four days. The Court further finds that on December 11, 1991, defendant requested a continuance of the trial to interview a newly discovered witness and that the trial was continued to January 6, 1992, a total of 26 days. The Court further finds that on January 22, 1992 counsel for the defendant requested a continuance of the preliminary hearing and the preliminary hearing was continued to February 18, 1992 for a total of 27 days. The Court finds that pursuant to the defendant's request for continuance, the matter has been continued for a total of 57 days.

Defendant requested that we review the trial court's continuances to determine whether they were reasonable and based upon good cause. Defendant requested three continuances, two for new counsel to prepare for hearings and the third to interview a newly discovered witness. In *State v. Maestas*, 815 P.2d 1319, 1321 (Utah App.), *cert. denied*, 826 P.2d 651 (Utah 1991), defendant was tried 316 days after his request for a speedy trial. However, this court held that defendant's right to a speedy trial was not violated because he had requested continuances, changed counsel, and agreed to postpone the trial. *Id.* Further, when defendant requested these continuances, he temporarily waived his

---

**6.** Utah has a comparable appellate rule for reply briefs. Rule 24(c) of the Utah Rules of Appellate Procedure states: "Reply briefs shall be limited to answering any new matter set forth in the opposing brief."

right to a speedy trial. *See State v. Velasquez*, 641 P.2d 115, 116 (Utah 1982) (tolling statutory period forty-two days based upon delays attributable to defendant); *State v. Bonny*, 25 Utah 2d 117, 119, 477 P.2d 147, 148 (1970) (tolling statutory period five days upon defense counsel's request to accommodate counsel's schedule). We conclude, therefore, that these continuances were reasonable and based upon good cause, as required by section 77–29–1(3),[7] and that the trial court's finding that 57 days were attributable to defendant was not clearly erroneous.

## CONCLUSION

The trial court properly attributed the delays to the defendant who requested several continuances. Defendant's right to a speedy trial under section 77–29–1 was therefore not violated.

We affirm the denial of defendant's motion to dismiss.

RUSSON, C.J., and GARFF, J., concur.

---

**7.** Section 77–29–1(3) provides: "After written demand is delivered as required in Subsection (1), the prosecuting attorney or the defendant or his counsel, for good cause shown in open court, with the prisoner or his counsel being present, may be granted any reasonable continuance."