**2019 UT App 110**

### THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellant,
*v.*
JOSE DE LA ROSA,
Appellee.

Opinion
No. 20170993-CA
Filed June 20, 2019

Third District Court, Salt Lake Department
The Honorable Katie Bernards-Goodman
No. 161902721

Sean D. Reyes and Jonathan S. Bauer, Attorneys
for Appellant

Teresa L. Welch, Attorney for Appellee

JUDGE GREGORY K. ORME authored this Opinion, in which
JUDGES MICHELE M. CHRISTIANSEN FORSTER and RYAN M. HARRIS
concurred.

ORME, Judge:

¶1 After a jury convicted him of one count of possession of a controlled substance with intent to distribute and one count of retail theft, defendant Jose De La Rosa, through post-conviction counsel, moved the court for a new trial pursuant to rule 24 of the Utah Rules of Criminal Procedure. He claimed entitlement to a new trial on five grounds: (1) the jury instruction on constructive possession was inadequate; (2) his prior drug possession and distribution convictions should not have been

admitted at trial; (3) there was juror misconduct;[1] (4) his retail theft charge should have been severed from his possession with intent to distribute charge at trial; and (5) his trial counsel failed to move to suppress the evidence obtained from the search of his vehicle.[2]

---

1. The juror misconduct to which Defendant refers occurred at the close of the State's case-in-chief. After the State rested, the trial court called a brief recess. As the bailiff walked past the jury room during the recess, he heard the jurors discussing the case, in violation of a jury instruction that stated: "You should not begin any discussions on the evidence until the case is presented to you for deliberation after closings." The bailiff instructed the jury to cease discussing the case and reported the matter to the trial court. The court, in turn, informed the parties of what had transpired. The defense asked what the jurors had specifically said, but the bailiff could not provide any particulars other than that he had generally heard them "talking about the case and about evidence." The court initially offered to ask the jurors what they had discussed but ultimately decided against it. Instead, the court admonished the jury, and Defendant proceeded to present his defense.

2. Defendant argued all five grounds in his initial motion for a new trial. But in his amended motion, Defendant argued only the first four grounds and appears to have abandoned the argument that his trial counsel was remiss for not moving to suppress the evidence obtained from the search of his vehicle. In its order granting a new trial, the trial court expressly stated that it had reviewed both Defendant's initial and amended motions for a new trial. It is unclear, given the absence of any explanation by the trial court, whether in so stating it considered all the issues to be alive and well or whether, as at least seems possible, it took the amended motion to mean that the fifth issue was dead and buried.

¶2     The trial court granted Defendant's motion but did not identify which of the five grounds raised by Defendant formed the basis for its decision. Its order was limited to the following:

> The Court, having reviewed Defendant's Motion for a New Trial, the State's Opposition to Defendant's Motion for a New Trial and Defendant's Amended Motion for a New Trial, makes the following ruling: Defendant's Motion is granted.

The State appeals, arguing, among other things, that we should remand to the trial court for it to identify the rationale for its ruling. We agree.

¶3     Rule 24 of the Utah Rules of Criminal Procedure provides that trial courts may "grant a new trial in the interest of justice if there is any error or impropriety which had a substantial adverse effect upon the rights of a party." Utah R. Crim. P. 24(a). Unlike its civil counterpart, rule 24 does not expressly require trial courts to provide reasons for granting a new trial in criminal cases. *Compare* Utah R. Civ. P. 59(d) ("The order granting a new trial must state the reasons for the new trial."), *with* Utah R. Crim. P. 24. But because appellate courts cannot meaningfully review a trial court's grant of a new trial without having the benefit of the trial court's reasons for its ruling—especially when some of the grounds argued warrant inquiry into the trial court's underlying legal conclusions—we agree with the State that it is necessary to remand with instructions that the trial court identify the basis for its decision to grant Defendant a new trial.

¶4     "We review a trial court's ruling on a motion for a new trial under an abuse of discretion standard." *State v. Billingsley*, 2013 UT 17, ¶ 9, 311 P.3d 995. Generally, this standard is highly deferential to the trial court's ruling in that "we assume that the district court exercised proper discretion unless the record clearly shows the contrary." *State v. Serrano*, 2019 UT App 32,

¶ 8, 440 P.3d 734 (quotation simplified). But "trial courts do not have discretion to misapply the law." *State v. Petersen*, 810 P.2d 421, 425 (Utah 1991). For this reason, "the abuse-of-discretion standard of review will at times necessarily include review to ensure that no mistakes of law affected a lower court's use of its discretion." *State v. Barrett*, 2005 UT 88, ¶ 17, 127 P.3d 682.

¶5      Defendant contends that the trial court's order is sufficient for purposes of appellate review because "the record indicates that the trial [court] took a thoughtful, careful approach to ensuring that [Defendant] received his constitutional right to a fair trial" and that should be enough to satisfy the abuse of discretion standard applied by appellate courts when reviewing a ruling on a motion for a new trial. This argument arises from the recognition that trial courts are in an advantaged position to that of appellate courts "to determine the impact of events occurring in the courtroom on the total proceedings." *State v. Maestas*, 2012 UT 46, ¶ 325, 299 P.3d 892 (quotation simplified). *See also ASC Utah, Inc. v. Wolf Mountain Resorts, LC*, 2013 UT 24, ¶ 22, 309 P.3d 201. And we might very well agree with Defendant's argument had he limited the arguments in his motion for a new trial to those that would not ordinarily require review of the trial court's underlying legal conclusions on appeal. For example, a determination of whether the jury misconduct in the present case merited a new trial would have been almost wholly dependent on the trial court's evaluation of the impact such misconduct had on the fairness of the proceedings—something that is inherently difficult for appellate courts to second guess. Had Defendant limited his motion to this and similar arguments, our review of the trial court's ruling would indeed be circumscribed by the assumption "that the district court exercised proper discretion," *Serrano*, 2019 UT App 32, ¶ 8 (quotation simplified), and we would reverse "only if there is no reasonable basis for the decision," *ASC Utah*, 2013 UT 24, ¶ 21 (quotation simplified).

¶6      On the other hand, a trial court "is not necessarily in a better position than an appellate court to identify its own errors

of law." *Id.* ¶ 23. Thus, when a trial court determines that a legal error "had a substantial adverse effect upon the [defendant's] rights," Utah R. Crim. P. 24(a), it necessarily exceeds its discretion if there was no underlying error. Our Supreme Court's decision in *State v. Billingsley*, 2013 UT 17, 311 P.3d 995, is illustrative of this point. In *Billingsley*, the trial court had previously determined a teacher's testimony that a rape victim had made "inappropriate sexual advances" toward her to be inadmissible under rule 412 of the Utah Rules of Evidence. *Id.* ¶¶ 7, 10. The court eventually granted a new trial to the defendant after it determined the evidentiary ruling to be in error and concluded that the exclusion violated the defendant's Sixth Amendment right to confront the witnesses against her. *Id.* Our Supreme Court held that the trial court abused its discretion in granting a new trial because the court "correctly excluded the evidence" in the first place and the exclusion therefore "could not justify arresting the verdict." *Id.* ¶ 10. *See id.* ¶ 23. It further concluded that the exclusion did not violate the defendant's Sixth Amendment rights and that "[t]he trial court abused its discretion when it determined that [the defendant's] right to confront witnesses against her was violated." *Id.* ¶ 17.

¶7 Likewise, the trial court in the present case would have abused its discretion had it, for example, granted a new trial based on its belief that the jury instruction on constructive possession was inadequate and we later determined that this underlying legal conclusion was incorrect. Because there would be no underlying error that could possibly have "had a substantial adverse effect upon the rights of [Defendant]," *see* Utah R. Crim. P. 24(a), the trial court would not have been justified in granting a new trial in that situation. Thus, the trial court's reasons for granting a new trial are crucial to meaningful appellate review of its ruling.

¶8 Defendant's argument that the record is sufficient to determine that the trial court did not exceed its discretion in granting a new trial is further undermined by Utah Supreme Court precedent, which states:

> If the trial court determines that a new trial is warranted and grants the motion, it should describe the basis for its decision in the record such that an appellate court can have the benefit of those reasons. . . . "In order to eliminate speculation as to the basis of the exercise of judicial discretion in granting new trials, the record should show the reasons and make it clear the court is not invading the province of the jury. . . . With no indication as to the basis for exercise of the power vested in the court to grant new trials the appeal tribunal would be left to analyze the matter from the evidence, the record, and the instructions. It would be required to search out possible reasons for agreeing or disagreeing with the trial court in the exercise of [its] discretion. The exercise of judicial discretion must be based upon some facts notwithstanding great latitude is accorded the trial court in such matter."

*Crookston v. Fire Ins. Exch.*, 817 P.2d 789, 804 (Utah 1991) (quoting *Saltas v. Affleck*, 105 P.2d 176, 178 (Utah 1940)).

¶9 Defendant argues that this principle is limited to the civil context, as is evidenced by the adoption of rule 59(d) of the Utah Rules of Civil Procedure, requiring that the trial court state the reasons for granting a new trial, coupled with the lack of any corresponding provision in the Utah Rules of Criminal Procedure. But when our Supreme Court articulated this principle in *Saltas*, and subsequently reaffirmed it in *Crookston*, the Utah Rules of Civil Procedure did not require trial courts to state their reasons for granting a new trial as they do now. *Compare* Utah R. Civ. P. 59 (1991), *with id.* R. 59(d) (2019) ("The order granting a new trial must state the reasons for the new trial."). Instead, the Court articulated this principle as an appellate court's prerogative to request additional information from the trial court to facilitate meaningful appellate review of

the court's grant of a new trial.[3] Otherwise, appellate courts would have to resort to speculation, *see Crookston*, 817 P.2d at 804, and could potentially affirm on a basis not relied on by the trial court.[4] Even conclusions of legal error are in most cases followed by inquiries into whether the "error . . . had a substantial adverse effect upon the rights of a party." Utah R. Crim. P. 24(a). And this inquiry falls entirely within the discretion of the trial court due to its advantaged position to judge "the impact of" legal errors "on the total proceedings." *Maestas*, 2012 UT 46, ¶ 325. Thus, affirming on alternate grounds would ultimately undermine the broad discretion granted trial courts when ruling on motions for a new trial. *Cf. Interstate*

---

3. Because we remand to the trial court on this basis, we need not determine whether rule 59(d) of the Utah Rules of Civil Procedure applies to criminal proceedings by virtue of rule 81(e). *See* Utah R. Civ. P. 81(e) ("These rules of procedure shall also govern in any aspect of criminal proceedings where there is no other applicable statute or rule, provided, that any rule so applied does not conflict with any statutory or constitutional requirement.").

4. It is well recognized that, ordinarily, an appellate court "may affirm the judgment appealed from if it is sustainable on any legal ground or theory apparent on the record, even though such ground or theory differs from that stated by the trial court to be the basis of its ruling or action, and . . . even though such ground or theory is not urged or argued on appeal by appellee, was not raised in the lower court, and was not considered or passed on by the lower court." *State v. Topanotes*, 2003 UT 30, ¶ 9, 76 P.3d 1159 (quotation simplified). But as we have explained, this principle is difficult to apply in the context of reviewing a trial court's grant of a new trial because of the discretionary inquiry that trial courts must engage in following the conclusion that an error or other impropriety occurred at trial, which determination is inherently difficult for appellate courts to make from a cold record.

*Income Props., Inc. v. La Jolla Loans, Inc.*, 2011 UT App 188, ¶ 20, 257 P.3d 1073 (stating that appellate courts have a "right to require a meaningful statement of the basis of the trial court's decision and enough factual findings to assure us that the trial court's legal conclusions logically flow from and are supported by the evidence").

¶10    The concern our Supreme Court had in *Crookston* applies equally, if not more so, in the criminal context. There are seven specific grounds on which a trial court may grant a new trial in civil cases, *see* Utah R. Civ. P. 59(a)(1)–(7), while in criminal cases trial courts enjoy a greater latitude when granting new trials, *see* Utah R. Crim. P. 24(a). Rule 24 permits a trial court to "grant a new trial in the interest of justice if there is *any* error or impropriety which had a substantial adverse effect upon the rights of a party." *Id.* (emphasis added). The interest in avoiding speculation is significantly increased in criminal cases where the potential grounds for granting a new trial are more open-ended.[5] Thus, our Supreme Court's rationale for avoiding speculation from among seven enumerated grounds in a civil case applies with even greater force in the criminal context.

¶11    In conclusion, because the trial court did not identify the ground on which it determined a new trial was warranted, we

---

5. This concern, however, does not arise when reviewing a trial court's *denial* of a motion for a new trial, which necessarily involves review of all the arguments made by the defendant in his motion for a new trial. For that reason, a trial court is not required to provide its reasons for denying a motion for a new trial. *See ASC Utah, Inc. v. Wolf Mountain Resorts, LC*, 2013 UT 24, ¶ 21, 309 P.3d 201 ("District courts are required to explain the basis for their decisions only when they *grant* motions for a new trial—not when they deny such motions.") (emphasis in original). That said, there is no question that an explanation from the trial court, even with a denial, will prove helpful to the appellate court in reviewing the decision.

are left to speculate as to the reason and are accordingly deprived of the ability to provide meaningful appellate review of the trial court's decision. We therefore remand with instructions that the trial court identify and explain the ground or grounds for its ruling.[6]

---

6. We so order irrespective of whether the State preserved its argument that the trial court should have stated its reasons for granting a new trial. The larger issue of whether the trial court exceeded its discretion in granting Defendant a new trial was preserved by the State's opposition to Defendant's motion for a new trial. Accordingly, as discussed, *see supra* ¶¶ 6–10, our ability to meaningfully review the larger, preserved issue is wholly dependent upon the trial court's reasons for its ruling. *Cf. Interstate Income Props., Inc. v. La Jolla Loans, Inc.*, 2011 UT App 188, ¶ 20, 257 P.3d 1073 ("[The defendant's] failure to preserve its challenge to the adequacy of the detail of the findings of fact does not waive our right to require a meaningful statement of the basis of the trial court's decision.").

It should go without saying that the explanation sought on remand can, as a practical matter, only be offered by the judge who granted the new trial motion. A successor judge would be no better positioned than would we to discern the rationale of the prior judge from a cold record. Indeed, in all cases where a matter is remanded for an explanation that is uniquely within the province of a particular judge, the matter on remand should be directed to the same judge, notwithstanding artificial constraints on the case finding its way to that judge automatically, such as a change in the judge's office location or responsibilities, reassignment of the case for reasons other than recusal, or the judge's taking senior status. Given the scheduled retirement of the judge who ordered the new trial, care should be taken to direct this matter to her promptly following remand.