2003 UT App 433

**STATE of Utah, Plaintiff and Appellee,**

v.

**Enoch HANKERSON, Defendant and Appellant.**

**No. 20020974–CA.**

Court of Appeals of Utah.

Dec. 11, 2003.

Heather Johnson and Robert K. Heineman, Salt Lake City, for Appellant.

Mark L. Shurtleff, Atty. Gen., and Kris C. Leonard, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before BILLINGS, Associate P.J., DAVIS, and ORME, JJ.

## OPINION

DAVIS, Judge:

¶ 1 Enoch Hankerson appeals the trial court's denial of his motion to dismiss under Utah Code Annotated section 77–29–1 (1999) (the Speedy Trial Statute). We affirm.

## BACKGROUND

¶ 2 In March 2002, Hankerson was charged by information in three separate cases with the following crimes: burglary (three counts); theft (four counts); receiving or transferring a stolen motor vehicle, trailer, or semitrailer; and purchase, transfer, possession, or use of a firearm by a restricted person.

¶ 3 On March 24, 2002, while in prison, Hankerson executed a "Notice and Request for Disposition of Pending Charge(s)" pursuant to the Speedy Trial Statute. The Division of Institutional Operations of the Department of Corrections (the DIO) received this notice on April 9. The DIO marked the notice "void" and returned it to Hankerson because he had insufficient funds in his prison account to pay for the cost of mailing it and did not satisfy the requirements of the DIO's "indigent policy." On April 15, Hankerson executed a second "Notice and Request for Disposition of Pending Charge(s)" pursuant to the Speedy Trial Statute, which the DIO received on April 19. The DIO rejected this notice and returned it to Han-

kerson, for the same reason it had done so with the first notice. On May 9, Hankerson executed a third "Notice and Request for Disposition of Pending Charge(s)" pursuant to the Speedy Trial Statute, which the DIO received on May 17 and forwarded in accordance with the Speedy Trial Statute.[1]

¶ 4 On June 26, the trial court held Hankerson's preliminary hearing on all three cases and he was bound over on all charges. At the July 2 scheduling conference, the trial court scheduled the pretrial conference on all three cases for July 30 and the trials on all three cases for August 14–15.

¶ 5 At the July 30 pretrial conference, Hankerson's counsel informed the trial court for the first time that Hankerson had filed three separate disposition notices under the Speedy Trial Statute. To this point, the State had been relying upon Hankerson's third disposition notice, which had an effective date of May 17.[2] Relying upon Hankerson's first disposition notice, which had an effective date of April 9, Hankerson's counsel notified the trial court of his intention to file a motion to dismiss under the Speedy Trial Statute. Hankerson's counsel subsequently filed the motion to dismiss on August 2 and the trial court held an evidentiary hearing on the motion on August 9. After conducting the evidentiary hearing, the trial court ruled that Hankerson's first disposition notice was proper and that it was the controlling notice under the Speedy Trial Statute. However, the trial court denied Hankerson's motion to dismiss, partly based upon its determination

that the disposition period under the Speedy Trial Statute was extended by the number of days "from July 30, 2002, to August 9, 2002, because [Hankerson] filed a Motion To Dismiss and requested a hearing on such Motion."

¶ 6 Hankerson's trials on all three cases were held on August 14–15, before the extended disposition period expired, but after the original, unextended disposition period expired. At the conclusion of his jury trials, Hankerson was convicted on multiple charges. Hankerson appeals the trial court's denial of his motion to dismiss under the Speedy Trial Statute.

## ISSUE AND STANDARD OF REVIEW

¶ 7 Hankerson argues that the trial court erred by denying his motion to dismiss under the Speedy Trial Statute. "[W]e review a trial court's determination that a defendant's charges should be dismissed pursuant to the Speedy Trial Statute for abuse of discretion." *State v. Coleman*, 2001 UT App 281, ¶ 3, 34 P.3d 790, *cert. denied*, 42 P.3d 951 (Utah 2002). "An appellate court will find abuse of discretion only where there is no 'reasonable basis in the record to support' the trial court's Speedy Trial Statute determination of 'good cause.' " *Id.* (citations omitted).

## ANALYSIS

¶ 8 Under the Speedy Trial Statute,[3] when any Utah prisoner has an "untried

1. It is not clear from the record what the DIO thought it was attempting to accomplish or whom it was assisting by failing to comply with the Speedy Trial Statute, when the stated reason was the saving of pocket change. At oral argument, the State represented that this policy is no longer in effect.

2. The fact that the State, through no fault of Hankerson, relied upon the wrong date, does not toll the running of the disposition period under the Speedy Trial Statute.

3. In relevant part, the Speedy Trial Statute provides:

    (1) Whenever a prisoner is serving a term of imprisonment in the state prison, jail or other penal or correctional institution of this state, and there is pending against the prisoner in this state any untried indictment or informa-

tion, and the prisoner shall deliver to the warden, sheriff or custodial officer in authority, or any appropriate agent of the same, a written demand specifying the nature of the charge and the court wherein it is pending and requesting disposition of the pending charge, he shall be entitled to have the charge brought to trial within 120 days of the date of delivery of written notice.

    . . . .

    (3) After written demand is delivered as required in Subsection (1), the prosecuting attorney or the defendant or his counsel, for good cause shown in open court, with the prisoner or his counsel being present, may be granted any reasonable continuance.

    (4) In the event the charge is not brought to trial within 120 days, or within such continuance as has been granted, and defendant or his counsel moves to dismiss the action, the court

indictment or information" and properly files a written demand "requesting disposition of the pending charge," that prisoner "shall be entitled to have the charge brought to trial within 120 days of the date of delivery" of the written demand. Utah Code Ann. § 77–29–1(1) (1999). However, either party may be granted a "reasonable continuance" to extend the 120–day period, but only "for good cause shown in open court." *Id.* § 77–29–1(3). If the prosecuting attorney does not bring the charge to trial within the required time period, the defendant may then move to dismiss the charge against him. *See id.* § 77–29–1(4). After reviewing the proceeding, "[i]f the court finds that the failure of the prosecuting attorney to have the matter heard within the time required is not supported by good cause, whether a previous motion for continuance was made or not, the court shall order the matter dismissed with prejudice." *Id.*

¶ 9 Hankerson argues that the trial court erred by denying his motion to dismiss under the Speedy Trial Statute. More specifically, Hankerson argues that because the two delays the trial court relied upon were not supported by "good cause," they did not justify holding his trials outside the 120–day period under the Speedy Trial Statute. *Id.* § 77–29–1(3)–(4). Hankerson also argues that the State failed in its obligation to move his case forward under the Speedy Trial Statute. *See id.* § 77–29–1(4). Because the delay attributable to Hankerson's motion to dismiss under the Speedy Trial Statute is determinative of this appeal, we address only that delay. *See State v. Heaton,* 958 P.2d 911, 919 (Utah 1998) (stating that when one issue "is dispositive of [an] appeal, we need not address [defendant]'s other arguments").

■ ¶ 10 Determining whether the trial court erred by denying Hankerson's motion to dismiss pursuant to the Speedy Trial Stat-

ute "requires a two-step inquiry." *Id.* at 916. "First, we must determine when the 120–day period commenced and when it expired. Second, if the trial was held outside the 120–day period, we must then determine whether 'good cause' excused the delay." *Id.* Both parties agree with the trial court's determination that, pursuant to Hankerson's first disposition notice, the 120–day period commenced on April 9 and, accordingly, we determine that it expired on August 7.[4] Hankerson's trials were held outside the 120–day period, on August 14–15. Therefore, we must "determine whether 'good cause' excused the delay" causing Hankerson's trials to be held outside the 120–day period. *Id.*

■■ ¶ 11 "A finding of 'good cause' that will excuse failure of the prosecution to bring a defendant to trial within the time required means (1) delay caused by the defendant— such as asking for a continuance; or (2) 'a relatively short delay caused by unforeseen problems arising immediately prior to trial.'" *State v. Coleman,* 2001 UT App 281,¶ 6, 34 P.3d 790 (citations omitted), *cert. denied,* 42 P.3d 951 (Utah 2002). In addition, "[t]he Utah Supreme Court has held that [a] 'delay caused to hear [a] defendant's motion to dismiss for lack of speedy trial' constitutes good cause excusing the prosecution's [failure]" to bring that defendant to trial within the 120–day period. *Id.* at ¶ 11 (quoting *State v. Banner,* 717 P.2d 1325, 1329–30 (Utah 1986)).

¶ 12 At the July 30 pretrial conference, Hankerson's counsel notified the trial court of his intention to file a motion to dismiss under the Speedy Trial Statute. Hankerson's counsel subsequently filed the motion to dismiss on August 2 and the trial court held an evidentiary hearing on the motion on August 9. At the conclusion of the evidentiary hearing, the trial court denied Hankerson's motion. One of the trial court's bases for denying Hankerson's motion was its de-

---

shall review the proceeding. If the court finds that the failure of the prosecuting attorney to have the matter heard within the time required is not supported by good cause, whether a previous motion for continuance was made or not, the court shall order the matter dismissed with prejudice.

Utah Code Ann. § 77–29–1(1), (3)-(4) (1999).

4. In their briefs, the parties agree with the trial court's determination that the 120–day period expired on August 6. However, if April 9 is used as the starting date (day zero), then the 120–day period expired on August 7 (day 120). Although the trial court erred by finding that the 120–day period expired on August 6, instead of August 7, this error is harmless given our analysis on appeal.

termination that the 120–day period under the Speedy Trial Statute was extended by the number of days "from July 30, 2002, to August 9, 2002, because [Hankerson] filed a Motion To Dismiss and requested a hearing on such Motion."[5] In effect, the trial court determined that the delay attributable to Hankerson's motion to dismiss extended the 120–day period by ten days.

¶ 13 Because "[t]he Utah Supreme Court has held that [a] 'delay caused to hear [a] defendant's motion to dismiss for lack of speedy trial' constitutes good cause excusing the prosecution's [failure]" to bring that defendant to trial within the 120–day period, *id.* (quoting *Banner*, 717 P.2d at 1329–30), we conclude that "good cause" excused the delay attributable to Hankerson's motion to dismiss under the Speedy Trial Statute. Utah Code Ann. § 77–29–1(3)–(4). Accordingly, the trial court properly extended the 120–day period by ten days to account for this "good cause" delay. *Id.*

¶ 14 Because Hankerson's trials were completed on August 15, only eight days after expiration of the original 120–day period,[6] he was brought to trial before the expiration of the ten-day extension of the 120–day period. Therefore, we conclude that the trial court did not abuse its discretion by denying Hankerson's motion to dismiss under the Speedy Trial Statute.

### CONCLUSION

¶ 15 We conclude that the trial court did not abuse its discretion by denying Hankerson's motion to dismiss under the Speedy Trial Statute and, accordingly, affirm Hankerson's convictions.

¶ 16 WE CONCUR: JUDITH M. BILLINGS, Associate Presiding Judge, GREGORY K. ORME, Judge.

**5.** Hankerson does not challenge the trial court's use of these dates in its determination of the length of the delay attributable to Hankerson's motion to dismiss.

**6.** Hankerson does not argue that the length of the delay was unreasonable.