2005 UT 47

**STATE of Utah, Plaintiff and Respondent,**

v.

**Enoch HANKERSON, Defendant and Petitioner.**

No. 20040099.

Supreme Court of Utah.

Aug. 5, 2005.

Mark L. Shurtleff, Att'y Gen., Kris C. Leonard, Asst. Att'y Gen., for plaintiff.

Lori Seppi, Heather Johnson, Robert Heineman, Salt Lake City, for defendant.

DURHAM, Chief Justice:

¶ 1 We granted certiorari in this case to review the court of appeals' denial of a criminal defendant's motion to dismiss pursuant to the state's speedy trial statute, Utah Code Ann. § 77–29–1(4) (2003). We conclude that the court of appeals erred in holding that the defendant's motion to dismiss tolled the speedy trial time limit where the motion did not cause a delay in the trial.

## BACKGROUND

¶ 2 The relevant facts are set forth in the court of appeals' opinion, as follows:

On March 24, 2002, while in prison, [defendant Enoch] Hankerson executed a "Notice and Request for Disposition of Pending Charge(s)" pursuant to the Speedy Trial Statute. The Division of Institutional Operations of the Department of Corrections (the DIO) received this notice on April 9. The DIO marked the notice "void" and returned it to Hankerson because he had insufficient funds in his prison account to pay for the cost of mailing it and did not satisfy the requirements of the DIO's "indigent policy." On April 15, Hankerson executed a second "Notice and Request for Disposition of Pending Charge(s)" pursuant to the Speedy Trial Statute, which the DIO received on April 19. The DIO rejected this notice and returned it to Hankerson, for the same reason it had done so with the first notice. On May 9, Hankerson executed a third "Notice and Request for Disposition of Pending Charge(s)" pursuant to the Speedy Trial Statute, which the DIO received on May 17 and forwarded in accordance with the Speedy Trial Statute.

At the July 30 pretrial conference, Hankerson's counsel informed the trial court for the first time that Hankerson had filed three separate disposition notices under the Speedy Trial Statute. To this point, the State had been relying upon Hankerson's third disposition notice, which had an effective date of May 17. Relying upon Hankerson's first disposition notice, which had an effective date of April 9, Hankerson's counsel notified the trial court of his intention to file a motion to dismiss under the Speedy Trial Statute. Hankerson's counsel subsequently filed the motion to dismiss on August 2 and the trial court held an evidentiary hearing on the motion on August 9. After conducting the evidentiary hearing, the trial court ruled that Hankerson's first disposition notice was proper and that it was the controlling notice under the Speedy Trial Statute. However, the trial court denied Hankerson's motion to dismiss, partly based upon its determination that the disposition period under the Speedy Trial Statute was extended by the number of days from July 30, 2002, to August 9, 2002, because [Hankerson] filed a Motion To Dismiss and requested a hearing on such Motion.

*State v. Hankerson,* 2003 UT App 433, ¶¶ 3–5, 82 P.3d 1155 (footnotes and internal quota-

tion omitted). Specifically, the trial court's order denying Hankerson's motion stated:

4. The Court finds that the 120 day time period was tolled from July 30, 2002, to August 9, 2002, because the Defendant filed a Motion to Dismiss and requested a hearing on such Motion.

5. The Court finds that good cause exists to extend the time within which to allow the State of Utah to prosecute this matter beyond August [7], 2002, because the Defendant's subsequent filings of 120 day dispositions caused confusion about the time period within which the Defendant was to [be] tried.

¶ 3 Hankerson's trial was held on August 14–15, 2002. Following his conviction, Hankerson appealed the trial court's denial of his motion to dismiss. The court of appeals affirmed the trial court's ruling on the basis that, under its own decision in *State v. Coleman*, 2001 UT App 281, 34 P.3d 790, Hankerson's filing of a motion to dismiss tolled the 120–day period set by the speedy trial statute for bringing his case to trial. *Hankerson*, 2003 UT App 433 at ¶ 13, 82 P.3d 1155. This court granted certiorari to determine whether Hankerson's filing of a motion to dismiss "should be deemed to toll the running of the 120–day disposition deadline set forth by [the speedy trial statute,] section 77–29–1 of the Utah Code."

## STANDARD OF REVIEW

■ ¶ 4 "On certiorari, we review the decision of the court of appeals, not the decision of the trial court." *State v. Harmon*, 910 P.2d 1196, 1199 (Utah 1995). We examine the court of appeals' decision to determine "whether that court accurately reviewed the trial court's decision under the appropriate standard of review." *State v. Visser*, 2000 UT 88, ¶ 9, 22 P.3d 1242. Here, the court of appeals used an abuse of discretion standard in reviewing the trial court's determination that Hankerson's charges should not be dismissed pursuant to the speedy trial statute, Utah Code Ann. § 77–29–1(4) (2003). *Hankerson*, 2003 UT App 433 at ¶ 7, 82 P.3d 1155. We have previously held that section 77–29–1(4) does "grant[ ] discretion to the trial court .... to make

reasonable determinations concerning the existence of good cause" excusing the failure to bring a charge to trial within the required time. *State v. Petersen*, 810 P.2d 421, 424–25 (Utah 1991). However, "legal determinations concerning the proper interpretation of the statute which grants the trial court discretion [must be] reviewed for correctness." *Id.* at 425. Here, we determine that the court of appeals made a legal error in interpreting section 77–29–1(4) and the applicable precedent from this court.

## ANALYSIS

■ ¶ 5 The sole issue before us is whether Hankerson's motion to dismiss is sufficient to toll the 120–day period in which the state is required to bring a charge to trial under the speedy trial statute, Utah Code Ann. § 77–29–1 (2003). That statute provides, in relevant part:

(1) Whenever a prisoner is serving a term of imprisonment in the state prison, jail or other penal or correctional institution of this state, and there is pending against the prisoner in this state any untried indictment or information, and the prisoner shall deliver to the warden, sheriff or custodial officer in authority, or any appropriate agent of the same, a written demand specifying the nature of the charge and the court wherein it is pending and requesting disposition of the pending charge, he shall be entitled to have the charge brought to trial within 120 days of the date of delivery of written notice.

. . . .

(4) In the event the charge is not brought to trial within 120 days, or within such continuance as has been granted, and defendant or his counsel moves to dismiss the action, the court shall review the proceeding. If the court finds that the failure of the prosecuting attorney to have the matter heard within the time required is not supported by good cause, whether a previous motion for continuance was made or not, the court shall order the matter dismissed with prejudice.

*Id.* § 77–29–1(1), (4).

■ ¶ 6 We have previously set forth a two-step inquiry for determining whether the

state's failure to bring a case to trial within the 120–day period mandated by the speedy trial statute requires dismissal under section 77–29–1(4). *State v. Heaton*, 958 P.2d 911, 916 (Utah 1998). "First [a court] must determine when the 120–day period commenced and when it expired. Second, if the trial was held outside the 120–day period, [the court] must then determine whether 'good cause' excused the delay." *Id.* In the absence of good cause, section 77–29–1(4) requires the court to grant the defendant's motion to dismiss.

¶ 7 Here, the trial court concluded, and it is undisputed on appeal, that the 120–day period commenced when Hankerson delivered his first notice and request for disposition of the charges against him to the DIO, notwithstanding the DIO's failure to forward the notice to the prosecutor.[1] Thus, the 120–day period was due to expire on August 7, 2002. Hankerson's trial, held on August 14–15, was clearly outside this 120–day period. The trial court was therefore required to grant Hankerson's motion to dismiss unless it determined that good cause excused the delay in holding the trial.

¶ 8 As indicated above, the trial court's denial of Hankerson's motion to dismiss was partly based on its conclusion that "the 120 day time period was tolled from July 30, 2002, to August, 9, 2002, because the Defendant filed a Motion To Dismiss and requested a hearing on such Motion." The trial court did not include in its order any explicit finding that Hankerson's filing of the motion to dismiss actually caused a delay in the trial. However, the court of appeals interpreted the trial court's conclusion as "[i]n effect" determining that "the delay attributable to Hankerson's motion to dismiss extended the 120–day period by ten days." *Hankerson*, 2003 UT App 433 at ¶ 12, 82 P.3d 1155. The court of appeals then cited its prior decision in *State v. Coleman*, 2001 UT App 281, ¶ 11,

34 P.3d 790, for the proposition that " 'a "delay caused to hear a defendant's motion to dismiss for lack of speedy trial" constitutes good cause excusing the prosecution's failure' to bring that defendant to trial within the 120–day period." *Hankerson*, 2003 UT App 433 at ¶ 13, 82 P.3d 1155 (alteration marks omitted) (quoting *Coleman*, 2001 UT App 281 at ¶ 11, 34 P.3d 790 (quoting *State v. Banner*, 717 P.2d 1325, 1329–30 (Utah 1986))). Based on this rule, the court of appeals concluded that the trial court did not abuse its discretion in denying Hankerson's motion to dismiss. *Id.* at ¶¶ 13–14, 82 P.3d 1155.

¶ 9 Although the proposition suggested in *Coleman* is not necessarily incorrect, the court of appeals in both *Coleman* and the instant case has misinterpreted the true import of the phrase "delay caused to hear a defendant's motion to dismiss." As indicated above, the court of appeals in *Coleman*, when enunciating the quoted proposition, was partially quoting our opinion in *State v. Banner*, 717 P.2d 1325 (Utah 1986). *Coleman*, 2001 UT App 281 at ¶ 11, 34 P.3d 790. The *Coleman* court extracted from *Banner* the rule that a trial court must always "conclude that [a][d]efendant's motion to dismiss comprised a delay attributable to him" and must therefore always conclude that there was good cause under section 77–29–1(4) for delaying the trial for the number of days it took the trial court to respond to the motion. *Id.* The court of appeals in this case relied on the same interpretation when concluding that Hankerson's filing of a motion to dismiss by itself constituted good cause justifying a ten-day delay in the trial.

¶ 10 Contrary to the court of appeals' reading of *Banner*, however, we did not simply conclude in that case that a defendant's motion to dismiss *always* constitutes a "delay attributable to him." Rather, we indicated that the causal relationship between the mo-

---

1. Although this first disposition notice was not properly forwarded by the DIO, the legislature has clearly placed the burden of compliance with the speedy trial requirement on the prosecutor. Utah Code Ann. § 77–29–1(4); *see also Heaton*, 958 P.2d at 915 (holding that prosecutor "has an affirmative duty to have the defendant's matter heard within the statutory period"); *State v. Wilson*, 22 Utah 2d 361, 453 P.2d 158, 160 (1969)

("It is apparent that the legislature intended to place the burden of complying with the statute upon the prosecutor."). At oral argument, we were assured, as was the court of appeals, *Hankerson*, 2003 UT App 433 at ¶ 3 n. 1, 82 P.3d 1155, that the DIO no longer follows a policy of refusing to forward an inmate's legitimate disposition notice where the inmate lacks the funds in his account to pay postage.

tion to dismiss and any delay is a factual matter that must be determined on a case-by-case basis. Thus, we initially concluded in *Banner* that "[t]he substantial cause of the delay between defendant's arrest and defendant's trial was the result of defendant's own actions and … constituted a temporary waiver of his right to a speedy trial." 717 P.2d at 1329. We then listed the defendant's filing of a motion to dismiss as one example of the actions that the defendant had taken—which also included a plea change, the filing of several motions to continue, the withdrawal of a guilty plea, the failure to notify the court of the need to appoint new trial counsel, and the filing of a motion to move the trial date—that actually delayed the trial. *Id.* at 1330. Significantly, we observed earlier in the opinion that the "move of the trial date" on one occasion "was made in order to hear defendant's motion to dismiss for lack of speedy trial." *Id.* at 1329.

¶ 11 Our opinion in *Banner* was in line with our observation in *State v. Velasquez*, 641 P.2d 115 (Utah 1982), that "[t]he obvious purpose of [the speedy trial] statute is to protect the constitutional right of prisoners to a speedy trial and 'to prevent those charged with enforcement of criminal statutes from holding over the head of a prisoner undisposed of charges against him.'" *Id.* at 116 (quoting *State v. Wilson*, 22 Utah 2d 361, 453 P.2d 158, 159 (1969)). We therefore reasoned that, "[w]hen the prisoner himself acts to delay trial on such charges, he indicates his willingness to temporarily waive this protection; the purpose behind the statute thus no longer exists." *Id.* Similarly in *Heaton*, we extended the disposition period where, "[b]ut for [the defendant's] request for a preliminary hearing, his case would have been brought to trial" within the required 120–day disposition period. 958 P.2d at 916. We held that, in delaying his own trial, the defendant "indicated his willingness

to temporarily waive his rights under the detainer statute." *Id.*

■ ¶ 12 In each of these cases, we focused on whether the defendant's actions *actually* delayed the trial. We have not, as the court of appeals suggested in *Coleman*, held that the filing of a motion to dismiss, or any other action, extends the 120–day disposition period as a matter of law. Rather, when concluding that the defendant's own actions constitute "good cause" for denying a motion to dismiss under section 77–29–1(4), a trial court must have sufficient evidence to support a finding that, but for the defendant's actions, the trial would have been brought within the required disposition period. To the extent that *Coleman* states otherwise, it is overruled.

¶ 13 In this case, the record does not support a finding that Hankerson's motion and request for a hearing were the cause of his delayed trial. Indeed, the trial date was set for August 14–15 before Hankerson filed his motion. It appears more likely that the failure to hold the trial within the required 120–day period was solely or primarily attributable to the DIO's errors, which are, under the statute, attributable to the state for speedy trial purposes. *See* Utah Code Ann. § 77–29–1(1) (indicating that the 120–day period begins to run when a prisoner's demand is delivered "to the warden, sheriff or custodial officer in authority, or any appropriate agent of the same"). Since, however, the parties raised other arguments before the court of appeals that were not addressed by that court, we remand this case to the court of appeals for further consideration of those arguments.[2]

## CONCLUSION

¶ 14 The court of appeals erred in holding that Hankerson's motion to dismiss extended the 120–day period for bringing his case to trial under Utah Code section 77–29–1 where

---

2. The State argues before this court that we should affirm the court of appeals because Hankerson's multiple disposition requests created confusion, because Hankerson filed his motion to dismiss before the 120–day period had ended, and because the trial date was affected by a scheduling conflict of the defense counsel. These issues are not within the scope of the

question before us on certiorari, and we therefore decline to address them. However, we note that under circumstances such as these, where the date of commencement of the 120–day period was in dispute, the defendant's filing of a speedy trial motion to dismiss as a means of obtaining an evidentiary hearing on the question does not appear unreasonable.

there is no evidence in the record to indicate that Hankerson's motion actually caused the trial to be held outside that 120–day period. We therefore reverse the court of appeals on this issue and remand to the court of appeals for proceedings consistent with this opinion.

¶ 15 Associate Chief Justice WILKINS, Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Chief Justice DURHAM's opinion.